485 P.2d 595

Norman MARSH, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Phillips Roofing Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 476.

Court of Appeals of Arizona, Division 1, Department B.

June 2, 1971.

Gorey & Ely, by Herbert L. Ely, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by George Morse, Tucson, for respondent carrier.

JACOBSON, Presiding Judge.

The only substantive issue to be disposed of in this appeal by certiorari is whether an award of the Industrial Commission which finds compensability and allows medical benefits to a certain date must pre-

vail over medical testimony that petitioner suffered no permanent disability.

A detailed factual recitation in this case is not necessary for the petitioner concedes that if he is not correct as to his theory of the effect of the Commission's award, then a conflict is presented in the medical testimony which would preclude petitioner from prevailing before this court.

Suffice it to say that petitioner is a roofer who, on August 22, 1967, because of exposure to the hundred-plus degree temperature of the Phoenix August sun, was admitted to the emergency room of the St. Joseph's Hospital. The claim was accepted for compensation and petitioner was seen by several doctors over a period of almost a year. On September 6, 1968, the Commission entered a Finding and Award which found, among other things, that petitioner was not disabled for work in excess of seven days and therefore was not entitled to compensation, but was entitled to medical benefits through August 24, 1968. The Fund did not protest this award, although the petitioner did. At subsequent hearings petitioner presented testimony that the August, 1967 episode resulted in his suffering sunstroke, a serious accident from which he still has residual disability. The Fund's medical testimony indicated that petitioner suffered from a mild heat exhaustion, the effects of which would disappear in a matter of weeks at the most.

It is petitioner's position that since the non-Fund-protested award allowed medical benefits through August 24, 1968, a year after the industrial episode, the Fund could not present medical testimony that petitioner's disability could only have lasted a couple of weeks.

■ Without determining the *res judicata* effect of a protested award of the Commission on a non-protesting party, we hold that the Fund was not precluded by the award of September 7, 1968 from presenting medical testimony that petitioner's ills were only temporary in nature and would disappear within several weeks, while at the same time apparently acquiescing in the paying of medical bills for over a year arising from that accident. It was to the claimant's advantage that medical examinations looking into the cause of his ills were paid for by the Fund, even though such examinations were subsequently determined not to have been necessary in the sense that they were not related to an industrially-caused problem.

■ Many factors go into the Commission's decision to pay medical benefits through a certain date, not the least of which may be a desire to relieve a claimant from medical expenses which he may in good faith have incurred in the belief that they related to his industrial accident. By such an award, neither party should be precluded from presenting evidence showing the severity or the permanency of the disability.

■ The petitioner next accuses the Fund of "doctor shopping". The Court is not exactly sure what is meant by this term. However, if petitioner uses the term in the context that the medical opinions of the doctors in this case were not the result of good faith expert belief but were the result of purchase by the Fund, there is absolutely no evidence of this nor any evidence of any other wrongdoing by either the medical personnel who testified or the party who offered the testimony. In the absence of fraud or any fact which would attack the validity of the opinions reached by the doctors, both the Fund and the petitioner were entitled to present such medical testimony as they thought necessary to support their respective position.

Award affirmed.

HAIRE and EUBANK, JJ., concur.