489 P.2d 734

**Dean R. WHITLEY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Arizona Laboratories, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 465.**

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 13, 1971.

Rehearing Denied Nov. 11, 1971.

Review Denied Dec. 21, 1971.

Gorey & Ely by Joseph M. Bettini, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel Industrial Comm. of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel State Compensation Fund, by Harlan J. Crossman, Phoenix, for respondents, Arizona Laboratories, Inc., and State Compensation Fund.

JACOBSON, Presiding Judge.

In this appeal by writ of certiorari from an award of The Industrial Commission of Arizona the primary concern of the Court is the causal relationship between petitioner's industrially-related back injury and his abdominal problem arising from a perforated sigmoid colon.

On March 28, 1967, petitioner Dean R. Whitley suffered an acute lumbar sprain and strain resulting from a slip and fall while engaged in the duties of his employment.

Treatment of his back condition consisted of conservative care and administration of muscle relaxants and pain relievers. While undergoing this treatment at the direction of his physician, William Weast, D. O., petitioner experienced constipation problems and an enema was recommended. Immediately following a self-administered enema, petitioner suffered severe abdominal pains and was admitted to Good Samaritan Hospital on an emergency basis. Subsequent surgery disclosed a perforated sigmoid colon which was, in the opinion of the doctors, directly related to the self-administered enema. Complications arose from the initial surgery which required two additional surgical procedures.

The Industrial Commission, in an effort to determine whether the abdominal surgeries were in any way related to petitioner's back injury of March, 1967, contacted Dr. Weast. He was of the opinion at that time that petitioner's constipated condition resulted from inactivity caused by his back problems and the administration of drugs. Based upon this information, the assistant medical director of the Commission was of the opinion that the chain of events leading to the abdominal surgeries were: back sprain, resulting medication and inactivity, constipation based on these factors, enema to relieve constipation and the resulting colon perforation caused by the enema. These were, in his opinion, sufficient to relate the industrial back injury to the abdominal surgeries. At this point without the entry of an award, the Commission authorized payment for all medical expenses and treatment related to the abdominal problems.

Prior to the abdominal surgeries, petitioner was examined by Dr. John Eisenbeiss in relation to his back problems. Subsequent to his surgeries, petitioner was also examined by a psychiatrist, Dr. Kent Durfie. Dr. Durfie's report indicated that petitioner suffered from a depression reaction and that this depression was related causally to the abdominal surgeries. However, Dr. Durfie was unable to determine if this depressive action preexisted his industrial back injury.

In June, 1969, petitioner was examined by a group consultation consisting of three orthopedic specialists, a neurosurgeon and a general practitioner. Dr. Eisenbeiss was a member of this group consultation. It was the opinion of this group that petitioner's condition was stationary, that his condition at that time was unrelated to his injury of March, 1967, that his working ability as a salesman was undiminished as regards his industrial injury, "but that he may indeed have other problems relating to his abdomen which are on a private basis and may prevent him from returning to gainful employment."

Based upon this report, the Commission entered its award for temporary medical benefits and compensation, but found no permanent disability. This award was duly protested and followed by a hearing at which Doctors Weast and Eisenbeiss together with petitioner testified.

Following the hearing and the report of the referee, the Commission again issued its award, finding no permanent mental or physical disability. This appeal by writ of certiorari followed.

Petitioner, in the briefs before this Court, does not seriously argue that he presently suffers any back problems causing a working disability. However, he does contend that he has a residual disability, both physical and mental, related to his abdominal problems which in turn are causally connected to his industrial back

injury. In view of our determination as to this causal relationship, we need not make a determination as to whether in fact the evidence discloses a permanent disability arising from the abdominal surgeries or a mental condition caused by these surgeries.

■ We first consider the effect of the Commission's acceptance of the abdominal surgeries for medical payment. In the case of Marsh v. Industrial Commission, 15 Ariz.App. 5, 485 P.2d 595 (1971), we had occasion to discuss the effect of payment of medical expenses by the Fund over a long period of time, of the Fund's seemingly inconsistent position that the employee's illness was only temporary in nature. In Marsh we held:

"It was to the claimant's advantage that medical examinations looking into the cause of his ills were paid for by the Fund, even though such examinations were subsequently determined not to have been necessary in the sense that they were not related to an industrially-caused problem. * * * By such an award [award allowing medical benefits], neither party should be precluded from presenting evidence showing the severity or the permanency of the disability." 485 P.2d at 596.

While in Marsh we were concerned with diagnostic treatment, and here we are concerned with actual treatment and repair of a known condition, we do not deem this difference to be material. The initial administrative determination of liability in this case was based, at best, on a sketchy investigation of the causal reasons for the abdominal surgeries. The determination was made at a time when the Fund and the Commission were one, and the actual carrier (the Fund) had no opportunity to conduct an independent investigation into the underlying causal relationship. Moreover, the Court can see no reason why an administrative determination made early in the processing of an industrial accident case should bind either party, especially where such a determination was not the result of a hearing or formal award. This Court has held that the Commission at the time of a formal hearing has the right to make a determination as to all aspects of the claim, except as to those matters which have become res judicata. German v. Industrial Commission, 12 Ariz.App. 301, 469 P.2d 867 (1970). There is no contention here that the previous medical benefit determination is in any manner to be given res judicata effect.

Finally we observe, as we did in Marsh, that no possible prejudice can result to the claimant by payment of his medical expenses, and in fact it is to his advantage that they are so paid. We therefore hold that an administrative determination to pay medical benefits does not preclude a subsequent determination and award finding the disability related to the medical treatment for which medical benefits were paid was not causally related to an industrial injury. Marsh, supra.

■ We next turn our attention to whether the evidence supports the Commission's award that petitioner presently suffers no permanent mental or physical disability related to his industrial injury of March 28, 1967. This award may be supported by determining that petitioner presently suffers no permanent mental or physical disability or, that if a permanent mental or physical disability presently exists, this disability is not causally related to petitioner's industrial accident. We find sufficient evidence to support the latter determination.

Dr. Weast, who was called by the petitioner to establish the causal relationship between petitioner's constipation and resulting enema and ruptured colon and the industrial back injury, on cross-examination testified as follows:

"Q Let me ask you this: Doctor, can you say as a reasonable medical probability that these medications that we have been discussing caused the constipation?

"A No, I can't say that exactly. As I said before, I was under the assumption that they probably did."

On the other hand, Dr. Eisenbeiss, who had examined the petitioner prior to his surgery and was a member of the group consultation board which also examined petitioner, testified:

"It appears the patient did suffer a ruptured sigmoid or torn sigmoid which followed the self administration of two enemas. I do not believe this is related to his fall of the date in question."

Dr. Eisenbeiss further testified that the group consultation board considered the effect of rest and medication given petitioner in reaching a conclusion on this relationship.

We need only recite that the Commission has the duty of resolving medical conflicts to affirm this award.

Award affirmed.

HAIRE and EUBANK, JJ., concur.