277 P.2d 1014

Petition of Delcie L. HALE, widow, and Forrest Hale, minor child.

William Allen HALE'S ESTATE

v.

The INDUSTRIAL COMMISSION of Arizona; B. F. Hill, J. J. O'Neill and F. A. Nathan, as members of and constituting the Industrial Commission of Arizona, and American Zinc, Lead & Smelting Company, Defendant Employer, Respondents.

No. 5873.

Supreme Court of Arizona.

Dec. 28, 1954.

Herbert B. Finn, Phoenix, for petitioners.

Donald J. Morgan, Phoenix, John R. Franks, Robert E. Yount and Robert K. Park, Phoenix, of counsel, for respondent Industrial Commission.

STANFORD, Justice.

This is a proceeding by certiorari to review an award of the Industrial Commission of Arizona which was made after a second rehearing and which affirmed previous awards denying petitioners' claim for death benefits.

William Hale, the decedent, died on June 23, 1952, at Hilltop Mine, Portal, Arizona. The mine was operated by the American Zinc, Lead and Smelting Company, respondent employer. There had been two blasts of dynamite in the air shaft at the end of the level where decedent had been working the morning of his death. He came out of the tunnel and complained that he did not feel well. While trying to eat his lunch he collapsed and died. A physician was called from Portal to examine the body and diagnosed the death as due to cardiac failure.

A claim for compensation was filed by decedent's wife and minor son, petitioners, on August 20, 1952. An award denying the claim was issued by the Commission on September 9, 1952, on the ground that decedent did not receive an injury by accident arising out of and in the course of employment. After a rehearing the award was affirmed on February 19, 1953. On March 19, 1953, a protest was made as to the award on the grounds that new evidence was discovered which was not obtainable at the previous rehearing. A coroner's inquest was held in Douglas on April 4, 1953, at which evidence concerning the presence of carbon monoxide in the mine was presented. On October 3, 1953, a hearing was held for the testimony of a mining expert and a pathologist concerning carbon monoxide. The Commission entered an order affirming its previous awards on November 23, 1953. The present appeal is taken from this last order.

We need not go into the merits of this case, for it is clear that the jurisdiction of the Commission over the claim ceased twenty days after February 19, 1953. The actions which the Commission subsequently took are void and need not be discussed here.

▌ Under Rule 37 of the Rules of Procedure of the Industrial Commission, any party aggrieved by an award must file his application for rehearing within twenty days. When an application is not filed within the specified period, the matter becomes res judicata. Guy F. Atkinson Co. v. Kinsey, 1944, 61 Ariz. 127, 144 P.2d 547; Nevitt v. Industrial Commission, 1950, 70 Ariz. 172, 217 P.2d 1039. The Commission does retain jurisdiction for the purpose of altering its findings upon a showing that a change in the physical condition of the workman justifies the action. Zagar v. Industrial Commission, 1932, 40 Ariz. 479, 14 P.2d 472; Steward v. Industrial Commission, 1949, 69 Ariz. 159, 211 P.2d 217. The Commission does not have continuing jurisdiction for an indefinite length of time for all purposes. When a matter is decided and the judgment becomes final, the jurisdiction is exhausted and neither the Commission nor this court has the power to waive a rule or to commit any other judicial act concerning the subject matter. Guy F. Atkinson Co. v. Kinsey, supra; Nevitt v. Industrial Commission, supra. Of course, as long as the Commission has jurisdiction over a case, it may waive any of its rules.

▌ In the instant case the basis of the petition for the second rehearing was newly discovered evidence which was not available at the time of the original hearing. This has never been a ground for continuing jurisdiction; the Industrial Commission had no power to consider the claim after March 11, 1953, and it recognized its mistake in presenting its briefs to us. The Commission was wrong in entertaining the

application for a second hearing, since its jurisdiction had been exhausted and could not be recreated.

Award affirmed.

PHELPS, C. J., and LA PRADE, UDALL and WINDES, JJ., concurring.