361 P.2d 402

Charles E. BLACK, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Defendant Insurance Carrier, and Arizona Flour Mills, Inc., Defendant Employer, Respondents.

No. 7044.

Supreme Court of Arizona.

April 26, 1961.

Klass & Welliever, Phoenix, for petitioner.

C. E. Singer, Jr., Phoenix, for respondent The Industrial Commission. Donald J. Morgan, James D. Lester, Edward E. Davis and Lorin G. Shelley, Phoenix, of counsel.

JENNINGS, Justice.

Petitioner Charles E. Black, (hereinafter called claimant) obtained a writ of certiorari to review an award of respondent The Industrial Commission entered May 11, 1959, denying him compensation, and a finding and award entered January 8, 1960, denying claimant's application for compensation or in the alternative petition to reopen before the Commission.

Claimant permitted twenty days to lapse from the date of the finding and the award of noncompensable claim of May 11, 1959, without filing any objection to that finding.

On May 27, 1959 claimant was seen by Dr. Michael N. Spirtos, M.D. and beginning on that date for the first time received blood bromide tests, specific tests for determining exposure to methyl bromide gas, which for the first time allegedly connected claimant's disability to an occupational cause, methyl bromide gas fumes. Tests were apparently not concluded prior to the end of the twenty-day period allocable to filing for rehearing, as evidenced by Dr. Spirtos' letter to the Commission dated August 17, 1959. Thereafter, and on the

15th of October, 1959, claimant filed an application for compensation or in the alternative petition to reopen before the Commission. The application was based upon claimant's previously undiscovered disability.

On January 8, 1960, the Commission entered its finding and award as follows:

1. "That this Commission on May 11, 1959, entered its award for non-compensable claim; that although forms for protesting or to petition for rehearing were furnished applicant, no protest nor petition for rehearing was filed within twenty days after service of said award and that the hearing became res judicata, jurisdiction of the Commission having ceased by operation of law under the rules of this Commission and the decisions of the Supreme Court.

2. "That the 'alternative petition' to reopen is moot and does not lie as it pretends and purports to reopen the claim which has already been decided to be non-compensable, which finding has become final by operation of law; and for the further reason that the same is not supported by showing any new, or additional or previously undiscovered disabilities which could not have been, with the due diligence, shown prior to the time the non-compensable award herein became final."

The Commission contended that it has no jurisdiction to entertain petitioner's application for compensation or his alternative petition to reopen.

Rule 37 of the Industrial Commission reads as follows:

"Any party aggrieved by any award or decision of the Commission granting or denying compensation must file his application for a rehearing thereof at the office of the Commission, Arizona State Building, Phoenix, Arizona, within twenty (20) days after the service of the award or the decision complained of."

 This Court has consistently held that when such procedure is not followed within the specified period, the matter becomes res judicata. Guy F. Atkinson Co. v. Kinsey, 61 Ariz. 127, 144 P.2d 547; Nevitt v. Industrial Commission, 70 Ariz. 172, 217 P.2d 1039.

 Although the Commission could retain jurisdiction for the purpose of altering findings upon a justifiable showing that a change in the physical condition of the workman so warrants it, it does not have continuing jurisdiction for indefinite periods of time for all purposes. Hale's Estate v. Industrial Commission, 78 Ariz. 202, 277 P.2d 1014.

 Though claimant contends the evidence elicited from Dr. Spirtos consti-

tutes a showing of new or additional or previously undiscovered disability, we do not agree with this conclusion. Certainly the disability is no different nor is it more aggravated than at the time of the original hearing. At most it constitutes newly discovered evidence and this certainly has never been a ground of continuing jurisdiction. Hale's Estate v. Industrial Commission, supra. Nor can we with propriety make this an exception to the rule.

Award affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concur.