411 P.2d 180

Charles J. SPICER, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, and San Xavier Rock and Sand Company, Respondents.

No. I CA–IC 18.

Court of Appeals of Arizona.

Feb. 25, 1966.

Hirsch, Van Slyke, Richter & Ollason, by Lawrence Ollason, Tucson, for petitioner.

Robert K. Park and Joyce Volts, by Joyce Volts, Phoenix, for respondents.

CAMERON, Judge.

This is a writ of certiorari to review the lawfulness of an award of the Industrial Commission denying a reopening or readjustment of petitioner's claim.

We are called upon to determine whether petitioner has sustained the burden to reopen his case before the Industrial Commission.

The facts necessary for a determination of this matter are as follows: Petitioner was injured on 15 May, 1961. He was 50 years of age at the time of injury. He had an eighth grade education, with no specialized schooling or training of any type. He had worked as a truck driver most of his life.

The claim was accepted by the Commission, and on 5 January, 1962, surgery was performed for a herniated disc of the back. On 20 September, 1962, a consultation report indicated that petitioner's condition was stationary and that he had sustained a 10% permanent general functional disability. On 31 January, 1963, a hearing was held primarily for the purpose of determining petitioner's loss of earning capacity as a result of the 10% disability. At the hearing, petitioner indicated that he might be able to perform the job of "parts chaser" in the Tucson area. A special agent for the Industrial Commission later filed a report concerning the rate of pay and job description of a "parts chasing man", and on 19 December, 1963, the Industrial Commission made its findings and award for unscheduled permanent partial disability finding, among other things:

"7. That the physical condition of said applicant is now stationary.

"8. That this Commission finds that said applicant has suffered a 10% general physical functional disability as a result of said injury by accident.

"9. That the Commission finds that the said applicant is physically able to perform the duties of a parts chaser to the extent he is capable of earning an average monthly wage of $415.36, so has therefore suffered a 34.63% loss of earning capacity and is entitled to the sum of $121.03 monthly until further order of this Commission under the provisions of Section 23–1044 C and D, A.R.S., 1956."

The file reflects that the said Findings and Award was served on the petitioner on 19 December, 1963. Petitioner did nothing until 27 January, 1964, when he had a medical examination which did not find any new evidence of physical disability to justify the reopening of the case. On 10 March, 1964, the file reflects that the petitioner was, for the first time, represented by an attorney in this matter. On that date, a petition and application for readjustment and reopening of claim was filed with the Industrial Commission. On or about 26 August, 1964, the petitioner suffered a heart attack and was confined for a period of time. Hearing upon petitioner's request was finally held on 8 January, 1965. The medical testimony is ample from which the Industrial Commission could find that there has been no change in the physical condition of the petitioner since the findings and award of 19 December, 1963. At the hearing, Mr. Spicer was questioned at length as to why he had not timely protested the 19 December, 1963, award:

"Question: (By Referee) Mr. Spicer, I don't understand something. In December of 1963, the Commission made a finding and award and mailed it to you saying you could work as parts chaser making some $400 a month. I think that approximately the last day of December,

1963, that award would become final. You didn't protest it. Approximately within the next 30 days you went to see a doctor about reopening your case. Why didn't you protest that award if you didn't think it was right when you went to see a doctor in the 30 days following?

"Answer: In the first place, I didn't believe in lawyers, I don't believe in all this stuff. That is my belief. I went to the doctors before that. There is a record there of Dr. what's-his-name.

"Question: Let's not get away from my question. If you didn't agree with that award that came out December, 1963, why didn't you appeal it?

"Answer: I didn't think you would do it. My old boss told me you would. He said you have to get a lawyer. That is what you are going to do."

And:

"Question: You went down to our office in Tucson?

"Answer: Yes.

"Question: And inquired about this award?

"Answer: One or three days late.

"Question: Was it your intention to file written objections to it?

"Answer: Well, I probably would have if I knew what I should do.

"Question: Did they tell you you were too late, the twenty days had expired?

"Answer: That is what she told me. We talked a little bit and I said what could I do, they kind of shrugged their shoulders, what else could a guy do."

On 2 March, 1965, the Commission entered its decision upon rehearing and order affirming previous finding and award, finding, among other things, that the 19 December, 1963, award was final and res judicata and that the applicant has no additional or previously undiscovered disability.

Our Supreme Court has stated:

"Under Rule 37 of the Rules of Procedure of the Industrial Commission, any party aggrieved by an award must file his application for rehearing within twenty days. When an application is not filed within the specified period, the matter becomes res judicata. (Citations omitted.) The Commission does retain jurisdiction for the purpose of altering its findings upon a showing that a change in the physical condition of the workman justifies the action. (Citations omitted.) The Commission does not have continuing jurisdiction for an indefinite length of time for all purposes. When a matter is decided and the judgment becomes final, the jurisdiction is exhausted and neither the Commission nor this court has the power to waive a rule or to commit any other judicial act concerning the subject matter." Hale's Estate v. Industrial Commission, 78 Ariz. 202 at 204, 277 P.2d 1014 at 1016 (1954).

And, citing Rule 37 of the Industrial Commission:

"This Court has consistently held that when such procedure is not followed within the specified period, the matter becomes res judicata." Black v. Industrial Commission, 89 Ariz. 273, 275, 361 P.2d 402, 403 (1961).

We pass no opinion as to what the results would have been in the instant case had the petitioner been represented by counsel prior to 10 March, 1964. We only hold that since the petitioner failed to show the necessary facts for reopening, Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217 (1949), Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118 (1964), Bierman v. Industrial Commission, 2 Ariz. App. 548, 410 P.2d 666 (1966), the petition to reopen was properly denied.

The award is affirmed.

STEVENS, C. J., and DONOFRIO, J., concurring.