447 P.2d 584

Jesus VERDUGO, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Thunderbird Engineering Company, Respondents.

No. I CA–IC 181.

Court of Appeals of Arizona.

Dec. 3, 1968.

Gorey & Ely, by Joseph M. Bettini, Phoenix, for petitioner.

Robert D. Steckner, chief counsel, by Michael A. Lasher, Jr., and Glen D. Webster, Phoenix, for respondent Industrial Commission of Arizona.

CAMERON, Chief Judge.

This is a writ of certiorari to review the lawfulness of an award of the Industrial Commission of Arizona which denied the reopening of petitioner's claim.

We are called upon to determine whether the evidence presented shows new, additional or previously undiscovered disability attributable to petitioner's injury of 2 May 1963 sufficient to require the Commission to reopen. A.R.S. § 23–1061, subsec. C.

The facts necessary for a determination of this matter are as follows. On 2 May 1963, the petitioner injured his back while lifting and moving 100 pound sacks of sand as an employee of the Thunderbird Engineering Company. Petitioner's claim was accepted by the Commission for benefits and petitioner was given medical attention at the expense of the Commission.

Two medical consultation boards examined petitioner and on 23 June 1964 the

Commission entered its "Findings and Award for Temporary Disability" which found that the petitioner had "no physical disability resulting from said accident". This award was based in part on a consultation report which had stated:

"*COMMENTS:* This patient continues to have numerous subjective complaints but the examiners today find very little in the way of abnormal objective findings. He has some degenerative changes in his spine which are probably contributing to the persistence of his low grade complaints.

"The examiners have no recommendations for any further treatments at this time. We feel he should continue with his brace and remain on a working status.

"In our opinion, his case can now be closed without any permanent disability attributable to the injury of May 2, 1963."

Petitioner, who at this time was representing himself, attempted to protest this award, but his protest was received on the 21st day after the award and therefore was one day late. The award was then allowed to become final. Spicer v. Industrial Commission, 3 Ariz.App. 7, 411 P.2d 180 (1966), Hale's Estate v. Industrial Commission, 78 Ariz. 202, 277 P.2d 1014 (1955). Petitioner, using a form supplied by respondent Industrial Commission, petitioned for a reopening of his claim on 12 March 1965. Petitioner did not submit any medical evidence to support his claim and the petition to reopen was denied 26 April 1965.

On 7 June 1965 the petitioner, with the assistance of counsel for the first time, petitioned for reopening. A medical consultation board was recommended. One purpose was stated: "Is the present condition related to the back injury of May 2, 1963 and sufficient to reopen the case for new and additional disability?"

On 27 October 1965 petitioner was seen by a consultation board which reported:

"We would feel that a large portion of his symptoms may well be related to his underlying generalized degenerative osteoarthritic spine.

"We do not feel that this patient is capable of performing his regular work at this time but we do feel that he is able to be gainfully employed in some type of occupation. We would expect that after he has been gainfully employed at some suitable occupation, it would be reasonable to expect that he could return to his regular occupation."

The Commission issued a "Findings and Award Denying Reopening of Claim" and petitioner requested a hearing which was held 5 April 1967.

At the hearing petitioner testified that he was disabled as a result of the industrial injury. Dr. Keith A. Wintle, D. O., testified at the hearing in response to a hypothetical question:

"Q   What is that opinion, Doctor?

"A   That there is a connection between the condition that we found and the accident.

"Q   Doctor, would the same answer be applied to any condition of disability that you noticed?

"A   Yes."

After the hearing a second consultation board was held 30 April 1967 which found no "essential change in the patient's condition" since the consultation of 27 October 1965. The Commission, on 30 October 1967, denied reopening and petitioner applied to this Court for a writ of certiorari.

Basically, we have this fact situation —an award which found that petitioner had no physical disability as a result of the accident or otherwise which was allowed to become final. This award is binding upon the petitioner as well as the Commission and we must assume that either the petitioner had no disability at that time or that said disability was undetected. Moore v. Industrial Commission, 2 Ariz.App. 143, 406 P.2d 861 (1965), Black v. Industrial Commission, 89 Ariz. 273, 361 P.2d 402 (1961). Thereafter petitioner sought to reopen and we have two consultation reports which show that he is now disabled and is no longer "capable of performing his reg-

ular work". The two reports show a change in petitioner's condition from the time of the 23 June 1964 award. The reports are silent as to whether this disability is causally related in part to the accident even though the board was requested to so determine.

In addition to the reports of the two consultation boards we have petitioner's testimony and the testimony of the doctor at the hearing that petitioner is disabled and that the disability is causally related to the accident.

 We feel that the finding by the Commission that petitioner "does not have any new or previously undiscovered disability attributable to the injury of May 2, 1963" is not reasonably supported by the evidence. Powell v. Industrial Commission, 102 Ariz. 11, 423 P.2d 348 (1967).

Award set aside.

DONOFRIO and STEVENS, JJ., concur.