460 P.2d 203

William GODWIN, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Paulin Motor Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 236.

Court of Appeals of Arizona, Division 1.

Department A.

Oct. 29, 1969.

Hirsch, Van Slyke & Ollason, by Lawrence Ollason, Tucson, for petitioner.

Michael A. Lasher, Jr., Former Chief Counsel, Donald L. Cross, Chief Counsel, Phoenix, for respondent the Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Dee-Dee Samet, Phoenix, for respondent Carrier State Compensation Fund.

CAMERON, Judge.

This is a writ of certiorari to review the lawfulness of a findings and award of the Industrial Commission of Arizona which held that petitioner suffered no permanent injury as the result of an industrial accident.

We are called upon to determine whether the Commission was correct in refusing to consider certain matters presented to the Commission in support of a motion for hearing after the Findings and Award and before the time within which to bring a writ to this Court.

The facts of the case are briefly as follows. Petitioner suffered an injury in the course and scope of his employment on 16 December 1966 when he slipped while washing a car for the respondent Paulin Motor Company. He fell on his back and his head struck an iron undercoat rack. After medical treatment and hearings, the Industrial Commission on 28 June 1968 issued its findings and award stating that the petitioner had sustained "no permanent physical or mental disability as a result of the industrial accident". This award contained a "20-day clause". Petitioner changed attorneys and the new counsel on his behalf petitioned for a new hearing which was denied.

The file shows the following sequence of events. The dates given are those indicated by the filing stamp unless otherwise indicated:

1. 16 July 1968—Petition for hearing filed.

2. Memo dated 29 August 1968—recommendation by referee that petition (of

16 July 1968) be denied with a 30-day clause.

3. 10 September 1968—Memo from the attorney for the petitioner asking that the Commission take into consideration an attached copy of a Social Security Hearing Examiner's decision which held that the petitioner is disabled. The file indicates that the "attached copy" of this decision was not filed until 23 September 1968.

4. 13 September 1968—order denying petition (of 16 July 1968) for hearing. This order contained a 30-day clause.

5. 23 September 1968—petition for hearing and

6. 23 September 1968—petition to reopen based on the same Social Security Hearing Examiner's decision.

7. 8 October 1968—petition for writ of certiorari, "to review the lawfulness of the * * * order denying hearing dated September 13, 1968".

### ORDER OF 13 SEPTEMBER 1968

"A. Any employer or other person interested in or affected by an order of the commission may petition for a hearing on the reasonableness and lawfulness of such order by a verified petition filed with the commission. The petition shall set forth specifically and in detail the order upon which a hearing is desired, the reasons why the order is unreasonable or unlawful and the issue to be considered by the commission on the hearing. Objections other than those set forth in the petition are deemed finally waived." § 23–945 A.R.S.

■ Although both the petitioner and the fund agree that the Commission is not bound by the decision of the Social Security Agency and must make its own fact determination, petitioner urges that the report of the Hearing Officer of the Social Security office could be a basis for a new hearing pursuant to § 23–945, subsec. A.

Since this report was not before the Commission when it entered the order denying the petition for hearing, we do not have to determine whether the report, if attached, would have complied with § 23–945, subsec. A and would have been a proper basis upon which the Commission could have granted a hearing.

The order of 13 September 1968 denying the 16 July 1968 petition for hearing is affirmed.

### PETITION OF 23 SEPTEMBER 1968 FOR HEARING

■ On 23 September 1968 the petitioner filed a new motion for hearing with the Social Security Hearing Officer's report attached. Before the Commission ruled on this motion and before the expiration of the 30-day period following the 13 September 1968 order, the petitioner filed a writ of certiorari in this Court. When the file is returned to the Commission this matter will have to be disposed of by the Commission. We therefore express no opinion as to whether this petition should be granted or not. Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969); Talley v. Industrial Commission, Ariz., filed 24 October 1969 (No. 9686–PR).

### MOTION FOR REOPENING

■■ Petitioner on the same day filed a petition for reopening pursuant to § 23–1061 A.R.S. This has not been ruled upon by the Commission for the same reason that the claimant's petition for writ of certiorari divested the Commission of jurisdiction to proceed further and we express no opinion as to whether this should be granted. Russell v. Industrial Commission, supra; Talley v. Industrial Commission, supra.

The order of the Commission of 13 September 1968 denying the petition for hearing of 16 July 1968 is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.