489 P.2d 710

**Elmer BECK, Petitioner,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent.**

**No. 10501.**

Supreme Court of Arizona,
In Banc.

Oct. 4, 1971.

Spencer K. Johnston, Phoenix, for petitioner.

Mesch, Marquez & Rothschild by Alfred C. Marquez, Tucson, for respondent.

CAMERON, Justice.

This is a petition for special action by Elmer Beck, an injured workman within the scope of the Arizona Workmen's Compensation Law, requesting that the respondent, Hartford Accident and Indemnity Company, be ordered to continue making compensation payments to petitioner pending a determination of a Writ of Certiorari brought by the respondent to the Court of Appeals.

We are called upon to determine whether an insurance carrier or employer may discontinue compensation payments under a first award of the Commission after an appeal by Writ of Certiorari from a second award of the Commission.

On 17 June 1968, petitioner sustained a personal injury by accident arising out of and in the course of his employment.

On 12 November 1969, the Industrial Commission of Arizona issued its "Decision Upon Hearing and Findings and Award and Order Pending Determination of Earning Capacity." The findings included:

"5. That the average monthly wage of said applicant prior to said personal injury was the sum of $1,000.00.

\*     \*     \*     \*     \*     \*

"11. That applicant has sustained a general physical functional disability as a result of the industrial accident of June 17, 1968.

"12. This Commission finds that the evidence in the file is insufficient to make an award to determine what effect said applicant's disability has on his earning capacity; therefore this Commission reserves jurisdiction under the provisions of the Arizona Workmen's Compensation Law to make a final award and determination of compensation for permanent partial disability."

The order included the following:

"IT IS FURTHER ORDERED that this Commission reserves jurisdiction under the provisions of the Arizona Workmen's Compensation Law to make a final award and determination of compensation for permanent partial disability.

"IT IS FURTHER ORDERED that said applicant be advanced partial permanent benefits from and after April 7, 1969, until further order of the Commission on the basis of 55% of the difference between any earnings he may have and his average monthly wage, such pay-

ments to be deductible from any future additional benefits which may ultimately be due said applicant."

■ The 12 November 1969 decision was an award within the meaning of our Workmen's Compensation Law, Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969), and because not timely protested it became a final award. Stevens v. Industrial Commission, 11 · Ariz. App. 1, 461 P.2d 177 (1970).

On 5 June 1970, the Industrial Commission issued its "Decision Upon Hearing and Findings and Award For Unscheduled Permanent Partial Disability." The findings included:

"12. That the applicant has sustained a 100% reduction in earning capacity and is therefore entitled to an award of $550.00 per month until further order of the Commission, pursuant to the provisions of A.R.S. 23–1044."

The award was as follows:

"AWARD

"Award is hereby made payable to the said applicant by the above-named defendant insurance carrier as follows:

\* \* \* \* \* \*

"3. Compensation for total loss of earning capacity in the sum of $550.00 per month, to continue until further order of the Commission, the first payment effective April 8, 1969, and any payments advanced said applicant under the provisions of the Findings and Award and Order Pending Determination of Earning Capacity of November 12, 1969 are deductible from payments due under the provisions of this Findings and Award."

The award of 5 June 1970 is presently pending before the Court of Appeals. The respondent in compliance with the order of 12 November 1969 advanced partial permanent benefits up to the time of filing the petition for Writ of Certiorari to review the award of 5 June 1970. Since the filing of the writ the respondent has refused to make compensation payments for petitioner.

Our statute reads as follows:

"§ 23–952. Continuation of order or award pending determination of increase in hearing or appeal

"When an order or award is issued by the industrial commission, compensation shall be paid as provided in such order or award and shall not be interrupted when there is a petition for hearing or appeal to a higher court, provided the only issue in the petition for hearing or appeal is an increase in the previous order or award. Added Laws 1966, Ch. 87, § 1." § 23–952 A.R.S.

This statute, § 23–952 A.R.S., provides that when there is an appeal from an order increasing compensation or refusing to increase compensation, that the previous payments should continue pending appeal. The legislative intent is apparent and the statute is not unclear. Whatever the decision of the court, the original (lesser) amount would continue to be due to the workman and to deprive him of this minimum amount pending review would not be in keeping with the humanitarian purposes of the Workmen's Compensation Law. It does not, however, apply to the case now before the court. Although the determination of petitioner's earning capacity was continued until the second award, it would appear the amount actually paid petitioner in the first award was the same amount ordered by the second award and therefore we are not concerned with an "increase in the previous order or award." The payments are the same ($550.00 per month).

This brings us to the question of what effect the filing of a timely petition for Writ of Certiorari and the issuance of the writ has upon the order and award sought to be reviewed.

■ We have stated that a timely motion for rehearing has the effect of setting aside an award. Russell v. Industrial Commission, supra; Motorola v. Industrial Commission, 13 Ariz.App. 395, 477 P.2d 269 (1970). We have also stated that a Writ of Certiorari to review the lawfulness of an award divests the Commission

of jurisdiction to proceed further. Godwin v. Industrial Commission, 10 Ariz.App. 532, 460 P.2d 203 (1969); Wammack v. Industrial Commission, 83 Ariz. 321, 320 P.2d 950 (1958). It logically follows that an award from which a party is appealing by way of a Writ of Certiorari should at least be suspended pending that review. When a Writ of Certiorari is timely taken from a second award, that award does not become final until the court affirms that award. Lowery v. Transport Insurance Co., (Tex. Civ.App.), 451 S.W.2d 595 (1970). The previous award being final, it may not be superceded by the second award until that second award is itself a final award. To hold otherwise would mean that the person seeking review would have to seek a stay pending review, a procedure not followed here, if indeed the Workmen's Compensation Law allows such procedure.

To allow a respondent to discontinue payment of compensation when respondent appeals the order or award is contra to the general purpose of workmen's compensation:

"Where there is a doubt as to the construction, that construction should be adopted which will best effect its purpose of compensating the injured employee for his loss of earning power." English v. Industrial Commission, 73 Ariz. 86, 89, 237 P.2d 815, 817 (1951).

And:

"We are committed to construing workmen's compensation statutes liberally in favor of an injured employee." Reed v. Industrial Commission, 104 Ariz. 412, 417, 454 P.2d 157, 162 (1969).

Upon the issuance of the mandate herein the respondent is ordered to make and continue to make compensation · payments to petitioner pursuant to this opinion.

HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.

STRUCKMEYER, C. J., concurs in the result.