489 P.2d 1257

**William GODWIN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Paulin Motor Company, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 580.**

Court of Appeals of Arizona, Division 1.

Oct. 27, 1971.

Rehearing Denied Nov. 24, 1971.

Review Denied Jan. 4, 1972.

------◆------

Albert R. Gamble, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, by Dee-Dee Samet, Tucson, for respondent carrier.

KRUCKER, Chief Judge.

This is a writ of certiorari to review an award of the Industrial Commission of Arizona denying the reopening of petitioner's claim.

The petitioner in this case has been before this court previously. Godwin v. Industrial Commission, 10 Ariz.App. 532, 460 P.2d 203 (1969). There the court reviewed and affirmed the denial of a petition for a hearing. The facts of the accident were fully described there and need not be repeated. After medical treatment and hearings, the Industrial Commission issued its award of 28 June 1968, stating that the petitioner had sustained "no permanent physical or mental disability as a result of the industrial accident."

The sequence of events following the award and up to the time of the previous review by this court are set out in *Godwin*, supra, at 533–534, 460 P.2d at 204:

"1. 16 July 1968—Petition for hearing filed.

2. Memo dated 29 August 1968—recommendation by referee that petition (of 16 July 1968) be denied with a 30-day clause.

3. 10 September 1968—Memo from the attorney for the petitioner asking that the Commission take into consideration an attached copy of a Social Security Hearing Examiner's decision which held that the petitioner is disabled. The file indicates that the 'attached copy' of this decision was not filed until 23 September 1968.

4. 13 September 1968—order denying petition (of 16 July 1968) for hearing. This order contained a 30-day clause.

5. 23 September 1968—petition for hearing and

6. 23 September 1968—petition to reopen based on the same Social Security Hearing Examiner's decision.

7. 8 October 1968—petition for writ of certiorari, 'to review the lawfulness of the * * * order denying hearing dated September 13, 1968'."

The court's acceptance of the writ of certiorari, as provided by A.R.S. § 23-951, divested the Commission of jurisdiction before the 23 September 1968 petition for hearing or the 23 September 1968 petition for reopening of the claim could be ruled upon by the Commission. In affirming the denial of the 16 July 1968 petition for rehearing, the court declined to express any opinion as to whether either of the pending petitions should be granted but simply said, "When the file is returned to the Commission, this matter will have to be disposed of by the Commission."

Upon return to the Commission for further action, a formal hearing was held before Referee Frank W. Ellig on 2 July 1970, at which Dr. Philip S. Greenbaum offered further testimony as to applicant's condition. After this hearing the referee entered, inter alia, the following findings:

\* \* \* \* \* \*

"3. That the Petition for Rehearing filed September 23, 1968, was not timely filed and the Commission lacks jurisdiction thereon.

4. That the applicant does not have new, additional or previously undiscovered disability referable to the industrial injury of December 16, 1966."

The referee therefore made no recommendation regarding the petition for hearing and recommended that the Petition to Re-

open the claim should be denied. The Commission adopted the findings of the referee and issued its Findings and Award of 2 October 1970 denying both the petition for rehearing and the petition for reopening the claim. From that denial this appeal followed.

■ Whether the referee's finding "that the 23 September 1968 motion for rehearing was not timely filed", is correct or not, petitioner seems to have been given the opportunity to have his additional evidence considered. The hearing of 2 July 1970 permitted additional testimony by Dr. Greenbaum and the Petition to Reopen considered by the Commission contained "other evidence" (presumably the report of the Hearing Officer of the Social Security Office) in addition to reports by Dr. Greenbaum. On the basis of the referee's finding number 4, supra, adopted by the Commission in its 2 October 1970 award, the reopening was properly denied. A.R.S. § 23-1061 requires this condition for reopening:

"H. An employee may reopen his claim to secure an increase or rearrangement of compensation or additional benefits by filing with the commission a petition requesting the reopening of his claim upon the basis of new, additional or previously undiscovered temporary or permanent condition * * *."

The test for appellate review of an Industrial Commission award was set out by the Arizona Supreme Court in Estate of Bedwell, 104 Ariz. 443, 444, 454 P.2d 985, 986 (1969):

"[I]t must appear that the evidence was such that, as a matter of law, the award of the commission cannot be sustained because there is no reasonable basis in the evidence upon which the commission could have reached its conclusion (citations omitted). The weight which must be accorded the commission's finding is that they be given the same consideration as those of a jury or a trial judge (citations omitted). In this the commission is the judge of the weight of the evidence and its conclusions based on the weight of the evidence will not be disturbed on appeal (citation omitted)."

■ This court has reviewed the entire file and finds that the Commission has not abused its discretion in weighing all the evidence and concluding that petitioner's claim should not be reopened. The Commission's denial properly followed Referee Ellig's conclusion in his report that:

"The evidence presented on the Petition to Reopen is the opinion of Dr. Greenbaum based on the same complaints alleged to result from the industrial accident. These complaints were considered by physicians prior to the Commission's award of no permanent disability and were considered by the Commission and found not related to the industrial accident.

The opinion of Dr. Greenbaum is new expert opinion which does not establish new, additional or previously undiscovered disability."

When the disability is no different nor more aggravated than at the time of the prior award, new evidence is not a ground of continuing jurisdiction. Black v. Industrial Commission, 89 Ariz. 273, 361 P.2d 402 (1961).

The award is affirmed.

HATHAWAY, and HOWARD, JJ., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12-120, subsec. E.