507 P.2d 1022

UNITED STATES FIDELITY AND GUAR-
ANTY CO., Petitioner Carrier,
and
Reel Contracting, Inc., Petitioner Employer,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

David Angel Moralez, Sr., Respond-
ent Employee.

No. 1 CA–IC 769.

Court of Appeals of Arizona,
Division 1,
Department A.

March 22, 1973.

Glen D. Webster, Jr., Phoenix, for petitioners.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

Gerald L. Diddy, Phoenix, for respondent employee.

STEVENS, Judge.

David Angel Moralez, Sr., [employee] on 14 February 1970, at the age of 29

years, sustained a compensable industrial low back injury. The carrier accepted the claim on 13 March 1970. The Commission determined that the employee's average monthly wage was the statutory maximum of $1,000.00. The employee had a preexisting spondylolisthesis, a low back structural deficiency.

On 1 April 1971 the carrier issued its notice of claim status terminating the employee's temporary compensation as of 29 March 1971, the stated reason being that the employee had been released for work. Following a timely employee request, a hearing was conducted in three stages at which the employee and three medical doctors testified. On 30 November 1971 the hearing officer issued his decision and award. Our review of the record and our review of the hearing officer decision convinces this Court that the hearing officer's analysis was objective and well documented. The hearing officer concluded as follows:

"Applicant is hereby awarded:

"1. Medical, surgical and hospital expenses from and after February 14, 1970 or as provided by law.

"2. Compensation for temporary total and/or temporary partial disability from and after February 14, 1970 or as provided by law."

After a timely request for an Industrial Commission review the Commission approved the hearing officer's decision and award by its award of 18 January 1972. The matter was then brought to this Court by timely petition for a writ of certiorari.

The evidence supports the award. Citations of authority are not required. The award is affirmed.

There are procedures engaged in by the petitioners which deserve comment. After this matter became at issue in the Court of Appeals and on 26 January 1973 the Clerk gave notice that the matter was scheduled for oral argument for 28 February 1973. On 8 February 1973 the petitioners filed their "motion to remand". This motion was based upon information which the attorney for the petitioners urged that he first acquired on 20 November 1972, information to the effect that the employee's claim is fraudulent and that the employee's 14 February 1970 injury was in fact not industrially related. The purpose of the motion was to seek a hearing before The Industrial Commission upon which the carrier's 13 March 1970 acceptance of the claim could be set aside. The motion contained the following prayer:

"WHEREFORE, it is respectfully *demanded* that this matter be set for hearing prior to Oral Argument set for February 28, 1973, or if not, that said Argument be stayed." (Emphasis added)

After issue was joined on the motion and on 22 February 1973 this Court entered its order which recited in part:

"Without ruling upon factual allegations of the motion, it is the opinion of the Court that it is without statutory authority to grant the relief requested. Now, therefore,

"IT IS ORDERED denying the motion to remand."

Once a writ of certiorari to review an award of The Industrial Commission is timely lodged with the Court of Appeals, A.R.S. § 23–951, subsec. D limits the jurisdiction of this Court as follows:

"D. The court of appeals shall enter judgment either affirming or setting aside the award."

In Cowan v. Industrial Commission of Arizona, 18 Ariz.App. 155, 500 P.2d 1143 (1972), this Court held that the civil remedies allowed by Rule 60(c) of the Rules of Civil Procedure, 16 A.R.S., are not applicable to the review of awards of the Commission.

The merits of the award were argued before this Court on 28 February 1973.

On 26 February 1973 the petitioners filed documents with The Industrial Commission and on 1 March 1973 the Commission issued its "order to set hearing", the same being set for 14 May 1973. On 13

March 1973 the petitioners filed their "motion to stay" in the Court of Appeals wherein they "respectfully *demanded*" (Emphasis added) that this Court stay its opinion for the reason:

> "That should the Commission set aside its jurisdiction and/or the Carrier acceptance of the claim, any decision in this case is moot."

This Court is not called upon to decide at this time and expressly refrains from a decision at this time as to the propriety of the procedures followed by the petitioners and as to the presence or absence of the jurisdiction of the Commission to modify an award while that award is before this Court for review. This Court expresses no opinion as to the merits of the petitioners' claim of right to set aside the 13 March 1970 notice of claim status.

By this opinion, the motion to stay is denied.

DONOFRIO, P. J., Department A, and OGG, J., concur.