508 P.2d 778

**Dean R. WHITLEY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Mrs. Yee Shee and Walter Ong (Central Markets), Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 712.**

Court of Appeals of Arizona, Division 1, Department B.

April 17, 1973.

Review Denied July 10, 1973.

Rehearing Denied May 22, 1973.

William B. Revis and Lindauer & Goldberg, P. A., by Mark H. Goldberg, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Robert K. Park, Chief Counsel, State Compensation Fund and Johnson, Sundberg & Crossman, P. C., by Harlan J. Crossman, Phoenix, for respondents employer and carrier.

EUBANK, Presiding Judge.

This review by our writ of certiorari questions the lawfulness of an award by the Industrial Commission denying petitioner's petition to reopen his 1951 award finding that he suffered no permanent disability resulting from a back injury in 1949.

Petitions to reopen awards of the Industrial Commission are governed by the

**520**

terms of A.R.S. § 23–1061, subsec. H., which states:

> "H. An employee may reopen his claim to secure an increase or rearrangement of compensation or additional benefits by filing with the commission a petition requesting the reopening of his claim upon the basis of *new, additional or previously undiscovered temporary or permanent condition. . . .*" (Emphasis added).

The record shows that on January 26, 1949, claimant suffered an industrially related back injury which necessitated a laminectomy at the L5 level. Thereafter an award was entered in 1951 finding no permanent disability and it became final. The claim was reopened in 1953 for additional medical benefits and again closed with a finding of no permanent disability. This award became final. On March 28, 1967, claimant sustained another industrial injury which was the subject of our opinion in Whitley v. Industrial Commission, 15 Ariz.App. 476, 489 P.2d 734 (1971). The circumstances of that injury are fully discussed therein and do not directly relate to this appeal. On March 20, 1970, claimant petitioned the Commission to reopen his 1949 claim, a hearing was held, and the Commission issued its Findings and Award denying the petition. This review followed.

The only relevant question is whether the petitioner sustained his burden of proving a "new, additional or previously undiscovered temporary or permanent condition . . ." as required by A.R.S. § 23–1061, subsec. H., supra. Davila v. Industrial Commission, 98 Ariz. 258, 403 P.2d 812 (1965).

The hearing officer and Commission found that he had not, stating:

> "Applicant has not shown by a preponderance of the evidence that he has sustained new, additional or previously undiscovered condition referable to the industrial accident of January 26, 1949."

The only witness to testify at the hearing was Dr. Sidney L. Stovall, an orthopedic surgeon. He testified that in an extensive examination performed on claimant in April, 1970, he had found "a 20 percent general physical disability as a result of his original injury in 1949". Dr. Stovall supported his conclusion of disability and its relation to the 1949 injury as follows:

> "At the time of my examination, he did have some restriction of back motion, but the most conclusive thing was the demonstration of X rays which revealed he had had a laminectomy. He had had a narrowing of the interspaces or the disk spaces between the third and fourth lumbar vertebrae, as well as between the fifth and fourth lumbar vertebrae. I felt that this led to an unstable back which would prevent him from doing certain strenuous activities. As a result of that, he had a permanent physical impairment."

On cross-examination the doctor was questioned whether the disability which he had found was "new or additional or previously undiscovered" and he responded that it was not. After certain objections were overruled, Dr. Stovall again stated:

> "Q At the time he was discharged by Dr. Eisenbeiss [in 1951] is the time of point of reference I am talking about. When you saw him in 1970, did you find any new, additional or previously undiscovered—
>
> "A No, sir."

Petitioner recognizes that this testimony runs into difficulty with the requirements of A.R.S. § 23–1061, subsec. H. and the doctrine of *res judicata* which applies to the 1951 and 1953 final awards finding no permanent disability. However, he contends that although the awards became final and *res judicata,* as a matter of law "any permanent disability now shown to exist is a new or previously undiscovered disability". His contention is grounded on the statement in Verdugo v. Industrial Commission, 8 Ariz.App. 492, 447 P.2d 584 (1968) that:

> "This award [of no disability] is binding upon the petitioner as well as the Commission and we must assume that

either the petitioner had no disability at that time or that said disability was undetected." (8 Ariz.App. at 493, 447 P.2d at 585).

Such a far reaching interpretation of this Court's holding in Verdugo is clearly erroneous and is contrary to the interpretation consistently placed on A.R.S. § 23-1061, subsec. H. by this Court and by our Supreme Court. The doctrine of *res judicata* demands that issues which were determined in the original findings and award of the Commission are final "the same as if they had been expressly determined by the original judgment" and may not be relitigated on a subsequent reopening. London v. Industrial Commission, 71 Ariz. 111, 115, 223 P.2d 929, 932 (1950); State Compensation Fund v. McComb, 16 Ariz. App. 303, 492 P.2d 1241 (1972). Similarly this Court has held that the remedies for relief from judgments allowed by Rule 60 (c), Rules of Civil Procedure, 16 A.R.S. are not applicable to awards of the Industrial Commission. Cowan v. Industrial Commission, 18 Ariz.App. 155, 500 P.2d 1143 (1972); United States Fidelity and Guaranty Co. v. Industrial Commission, 19 Ariz.App. 410, 507 P.2d 1022 (Filed March 22, 1973). *See also* Davila v. Industrial Commission, supra; Black v. Industrial Commission, 89 Ariz. 273, 361 P.2d 402 (1961); London v. Industrial Commission, supra; Godwin v. Industrial Commission, 15 Ariz.App. 555, 489 P.2d 1257 (1971).

Dr. Stovall's testimony does not support a new, additional, or previously undiscovered temporary or permanent condition but relates instead to the 1949 injury and the 1951 and 1953 awards which are *res judicata* and binding on the Commission and this Court. Under these circumstances the petitioner has failed to carry his burden of proof for an A.R.S. § 23-1061, subsec. H. reopening of his claim.

Award affirmed.

JACOBSON, Chief Judge, Division 1, and HAIRE, J., concur.