514 P.2d 512

Estelline GREER, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Consolidated Citrus Growers, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 821.

Court of Appeals of Arizona, Division 1, Department A.

Oct. 4, 1973.

Langerman, Begam & Lewis, by Noel Fidel, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Harlan J. Crossman, Phoenix, for respondent carrier and respondent employer.

OPINION

STEVENS, Judge.

This is an appeal from an 11 May 1972 award of The Industrial Commission. The award in question denied the petitioner's petition to reopen finding the petitioner has no psychiatric condition which is disabling or which was precipitated or aggravated by the industrial injury. The State Compensation Fund urges that The Industrial Commission was without jurisdiction. This contention requires a chronological recitation of events.

1 CA-IC 631

The petitioner was before this Court for a review of a prior award arising out of the same industrial injury. The former matter was assigned this Court's cause number 1 CA-IC 631. The opinion of this Court is Greer v. The Industrial Commis-

sion of Arizona, 16 Ariz.App. 594, 494 P. 2d 1339, decided 20 March 1972. A brief review of the dates leading up to the opinion discloses: That the petitioner was injured on 30 June 1969; that the hearing officer's award was entered on 31 December 1970; that on review The Industrial Commission affirmed the hearing officer by the Commission's award of 25 February 1971; and that the petition for the writ of certiorari was timely filed in this Court on 15 March 1971.

## 1 CA-IC 821

The current matter before this Court bears case number 1 CA-IC 821. Following the 1 CA-IC 631 hearing officer's award of 31 December 1971 and prior to the Commission award of 25 February 1971 the petitioner filed a petition to reopen; the same was filed on 4 February 1971. It is the 4 February 1971 petition to reopen which set in motion the events leading up to 1 CA-IC 821, our current matter.

The day after the petition for a writ of certiorari (1 CA-IC 631) was filed, and on 16 March 1971 the petition to reopen (1 CA-IC 821) was denied. A hearing was requested and held. On 30 September 1971 the hearing officer entered an award which he amended on 21 October 1971 granting temporary benefits.

Following the usual procedures there was a further hearing resulting in a hearing officer award dated 31 March 1972, The Industrial Commission award in question dated 11 May 1972 and the current case was commenced in this Court on 16 June 1972.

## JURISDICTION

The first time the jurisdictional issue was raised, it was raised by the Fund in this Court. It was not presented to the hearing officer or to the Commission. The Fund urges that the filing of the petition for a writ of certiorari in the Court of Appeals on 15 March 1971 (1 CA-IC 631) automatically deprived The Industrial Commission of the jurisdiction to further process the 4 February 1971 petition to reopen. In the absence of a statute to the contrary[1] we agree and at the same time we are not sympathetic to the proposition of raising jurisdictional questions for the first time at the appellate court level.

Under Arizona case law a writ of certiorari to review the lawfulness of an award divests The Industrial Commission of jurisdiction to proceed further. Beck v. Hartford Accident and Indemnity Co., 107 Ariz. 476, 489 P.2d 710 (1971); Godwin v. Industrial Commission, 10 Ariz.App. 532, 460 P.2d 203 (1969); and 15 Ariz.App. 555, 489 P.2d 1257 (1971); Wammack v. Industrial Commission, 83 Ariz. 321, 320 P.2d 950 (1958). We cannot review the award of The Industrial Commission made pursuant to the petition to reopen, since during the pendency of the writ of certiorari it had no jurisdiction to grant the petition or to receive evidence in support of it.

The following awards are set aside: The hearing officer's award of 30 September 1971; the hearing officer's amended award of 21 October 1971; the hearing officer's award of 31 March 1972 and the Commission's award of 11 May 1972.

DONOFRIO, P. J., Department A, and OGG, J., concur.

---

1. See A.R.S. § 23–952 and the Beck case hereinafter cited.