517 P.2d 97

Herbert **TERRELL**, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of
Arizona, Respondent,

**A C & C Building Wreckers, Inc.,**
**Respondent Employer.**

No. 1 CA–IC 829.

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 27, 1973.

Rehearing Denied Feb. 5, 1974.

Review Denied March 5, 1974.

Gorey & Ely by Herbert L. Ely, and
Walter R. Ulman, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel,
The Industrial Commission of Ariz., Phoe-
nix, for respondent.

Chris T. Johnson, Phoenix, for respon-
dent Employer.

## OPINION

STEVENS, Judge.

This is a review by certiorari from an 18 May 1972 award denying the claimant's petition to reopen. The basic question presented is whether The Industrial Commission had jurisdiction to hear the petition to reopen while a review of a prior award arising out of the same claim was pending before the Court of Appeals.

On 25 February 1969 the petitioner, Herbert Terrell, was injured during and arising out of his employment as a house wrecker. Terrell received a final award for temporary disability. The Industrial Commission affirmed the award of temporary disability against Terrell's corporate employer. On 10 May 1971 Terrell requested that the award be reviewed by the Court of Appeals on the question of whether the corporate identity of his employer was legally sufficient to protect its shareholders fom individual liability, 1 CA–IC 649.

On 14 May 1971 Terrell filed a petition to reopen, alleging new, additional and previously undiscovered injuries which he asserted were not covered in the earlier award. The petition was denied. Terrell requested a hearing on the denial of his petition to reopen, which he obtained on 2 February 1971. The hearing officer denied the reopening on 31 March 1972, and the decision was affirmed by The Industrial Commission on 18 May 1972. From this decision Terrell filed the current petition with the Court of Appeals, 1 CA–IC 829.

The first review by this Court (1 CA–IC 649) was decided by an opinion which was filed on 3 April 1973, 19 Ariz.App. 468, 508 P.2d 355, and the mandate was issued on 5 June 1973, after the denial of a petition for review.

Respondent contends that tangential "legal" questions may be reviewed· without disturbing The Industrial Commission's authority to deal with "factual" questions, such as a reopening.

■ The question is whether Terrell's petition of 10 May 1971 divested The Industrial Commission of authority to hear his petition to reopen. Arizona case law clearly holds that it does. Greer v. Industrial Commission, 20 Ariz.App. 559, 514 P.2d 512 (1973); Beck v. Hartford Accident and Indemnity Co., 107 Ariz. 476, 489 P.2d 710 (1971); Godwin v. Industrial Commission, 10 Ariz.App. 532, 460 P.2d 203 (1969), and 15 Ariz.App. 555, 489 P.2d 1257 (1971); Wammack v. Industrial Commission, 83 Ariz. 321, 320 P.2d 950 (1958). See also Motorola, Inc. v. Industrial Commission, 13 Ariz.App. 395, 477 P.2d 269 (1970).

■ If there is a remedy, the remedy lies with the Legislature. This opinion shall not be construed to prevent the filing of a petition to reopen during the pendency of this Court's consideration of a prior award in relation to the same numbered claim. Such a petition to reopen merely lies dormant and cannot be acted on by the Commission until the matter pending in the Court of Appeals has reached a final determination. See Godwin v. Industrial Commission of Arizona, 10 Ariz.App. 532, 460 P.2d 203 (1969).

We refrain from expressing an opinion as to whether the hearing of 2 February 1971 produced a conflict of medical evidence.

Holding, as we do, that the Commission had no jurisdiction to process the 14 May 1971 petition to reopen, the award of 18 May 1972 arising out of that petition is set aside.

DONOFRIO, P. J., and EUBANK, J., concur.