563 P.2d 909

AETNA INSURANCE COMPANY, Petitioner Carrier,

Cement Transporters, Inc., Petitioner Employer,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Gilbert Salazar, Respondent Employee.

No. 1 CA–IC 1529.

Court of Appeals of Arizona, Division 1, Department C.

March 10, 1977.

Rehearing Denied April 15, 1977.

Review Denied May 10, 1977.

Lewis & Roca, by Merton E. Marks, James B. Long, Phoenix, for petitioners.

John H. Budd, Jr., Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

Rabinovitz, Minker & Dix, P. C. by Bernard I. Rabinovitz, Tucson, for respondent employee.

## OPINION

JACOBSON, Presiding Judge.

The sole issue on this review of an award of the Industrial Commission is whether a doctor's testimony that a condition he believed to be temporarily disabling has, through the passage of time become permanently disabling, constitutes sufficient evidence of a "changed condition" to justify reopening.

The facts giving rise to this issue are not in substantial dispute. On May 29, 1973, the respondent employee, Gilbert Salazar, sustained an industrial back injury. The claim was accepted and benefits paid until November 6, 1973, when the claim was closed without temporary or permanent disability by Notice of Claim Status. This was not protested and became final.

Approximately three months later, on February 13, 1974, Salazar filed a Petition to Reopen on the grounds of a new, additional or previously undiscovered disability. This petition was denied by a Notice of Claim Status which was not protested and likewise became final.

On March 11, 1975, a second Petition to Reopen was filed and denied by Notice of Claim Status, but a timely Request for Rehearing was made. After a hearing at which only Salazar and his attending physician, Irwin Steinberg, M.D. testified, the hearing officer entered an award allowing the reopening of the prior claim. Following a Motion for Rehearing, petitioner has sought review of that award here.

The basis of the hearing officer's award is reflected in his finding:

"That the hearing introduced medical testimony supplied by Irwin Steinberg, M.D., who specializes in orthopedic surgery, having first seen the applicant on June 1, 1973 . . . ; Dr. Steinberg testified that his first diagnosis was of a lumbo-sacral strain with incipient indications of a herniated disc and *that on his continuing to treat or examine through 1975 these were still reflected* but that time is an element of proper evaluation of any resulting condition and that without such element being present the 1973 evaluation of no permanent disability was made, but that now with the added element of time considered the previously undiscovered permanent disability was found to exist . . . ." (emphasis supplied)

Based upon this factual finding, the hearing officer made the following legal conclusion:

"That medical evidence of a previously undiscovered disability undisclosed by the missing element of time, now shown to be existing as a result of the injury by industrial accident is sufficient grounds to reopen the claim. . . . ."

In our opinion, the factual determinations made by the hearing officer are supported by the evidence. Dr. Steinberg testified:

"Q: Doctor, would it be fair to say that from the first examination on June 1, '73, to and including the last time you saw Mr. Salazar, which was January 25, 1975, he has had subjective complaints of low back pain?

"A: Yes.

"Q: And he has intermittent complaints of the right leg?

"A: Yes.

"Q: Those have been the same throughout this entire course we are talking about; I mean, the presence of those particular symptoms?

"A: Yes. Generally the patient had complaints in the lower back, intermittently, and intermittently had had pain to the right lower extremity and right buttock area.

\*     \*     \*     \*     \*     \*

"Q: And that he has had objective findings suggesting low back disability throughout this entire period which varied from time to time?

"A: Correct."

Dr. Steinberg also testified that in his opinion, as of January 25, 1975, Salazar was suffering from a permanent disability as a result of his industrial injury. His testimony continued:

"Q: All right. Prior to that, had you ever made a determination that he had a permanent impairment as a result of his industrial injury?

"A: No.

\*     \*     \*     \*     \*     \*

"Q: What was it about—at that point that you felt you would say it was a permanent impairment at that point?

"A: The fact that he had these symptoms off and on, and, on occasion they were quite severe, according to my notes on the examinations.

"Q: Was it the passage of time more than anything else that made it—

"A: Permanent. Made it permanent."

Petitioner does not dispute the factual findings made by the hearing officer, but contends that under existing Arizona law, the legal conclusion that these facts justify a reopening is unwarranted. We agree.

The statutory provision allowing reopening of a prior closed industrial award are found in A.R.S. § 23–1061(H), which provides in part:

"An employee may reopen his claim to secure an increase or rearrangement of compensation or additional benefits   .   . upon the basis of new, additional, or previously undiscovered temporary or permanent condition   .   .   .."

▮ In this case it is clear from the evidence that Salazar's present "condition" (his back pain) is not new, additional or previously undiscovered, rather it is his physician's opinion that his "condition" is now "permanent" which is the new or previously undiscovered element.

▮ Salazar relies primarily upon this court's decision in *Verdugo v. Industrial Commission*, 8 Ariz.App. 492, 447 P.2d 584 (1968) in support of his position that the finding of a permanent disability after an award which was closed with no disability is

sufficient grounds to support a reopening. *Verdugo* has been criticized on at least two occasions by this court in *Taylor v. Industrial Commission*, 20 Ariz.App. 46, 509 P.2d 1083 (1973) and *Whitley v. Industrial Commission*, 19 Ariz.App. 519, 508 P.2d 778 (1973). We now deem it appropriate to state emphatically that we refuse to follow any interpretation of *Verdugo* which would hold that the mere existence of medical opinion that a claimant's condition is now permanently disabling, without a showing of a comparative change in physical condition since the entry of the original award, is sufficient to sustain the Petition to Reopen.

Having stated this, it is necessary to determine whether Dr. Steinberg found any change in *physical* condition between the time of the entry of the original award, or the denial of the first Petition to Reopen, and the second Petition to Reopen. *Terrell v. Industrial Commission*, 24 Ariz.App. 389, 539 P.2d 193 (1975). We find no such testimony.

Salazar points out that Dr. Steinberg's opinion has now changed, because of the passage of time, and he would now classify his disability as permanent and thus there has been a change in the classification of his disability. What this argument overlooks is that the original award in this matter found that Salazar was suffering from no disability, temporary or permanent. Of necessity, Dr. Steinberg must have been of the opinion that at the time of the original award, Salazar was at least suffering from a *temporary disability* which has now changed to permanent disability. This opinion could have been highly relevant at the time the original award was entered. However, that award which found *no* disability was allowed to become final and thus *res judicata*. *London v. Industrial Commission*, 71 Ariz. 111, 223 P.2d 929 (1950).

▮ When viewed in this light, Dr. Steinberg's testimony is simply that the original award was wrong in finding no disability when in his opinion at least temporary disability existed. Salazar was aware of this opinion at the time of the original award

and at the time of the denial of the first Petition to Reopen was allowed to become final. At most, this opinion would constitute newly discovered evidence that the original award was incorrect. Such newly discovered evidence is insufficient to sustain the reopening of an award that has become final and *res judicata*. *Black v. Industrial Commission*, 89 Ariz. 273, 361 P.2d 402 (1961); *Terrell v. Industrial Commission, supra.*

Finding no evidence of a change in physical condition after the first Petition to Reopen was allowed to become final, the award allowing reopening must be set aside.

FROEB, C. J., and HAIRE, J., concur.