302 P.2d 526

**WHITFIELD TRANSPORTATION, Inc., a corporation, Petitioner,**

v.

**William T. BROOKS, John Barry, and Mit Simms, constituting the Corporation Commission of the State of Arizona, Respondents.**

**No. 6287.**

Supreme Court of Arizona.
Oct. 23, 1956.

138

Shimmel, Hill & Cavanagh and Rouland W. Hill, Phoenix, for petitioner.

Robert Morrison, Atty. Gen., and A. Michael Bernstein, Asst. Atty. Gen., for respondents.

UDALL, Justice.

Petitioner, Whitfield Transportation, Inc., a corporation, instituted this original proceeding in certiorari against respondent Arizona Corporation Commission, and the individual members thereof, for the purpose of testing the legality of an ex parte order, entered May 11, 1956, by the Commission upon its own motion, rescinding certificate of convenience and necessity No. 6370 theretofore issued to petitioner.

The procedural steps giving rise to the instant petition for certiorari are as follows:

1. On December 15, 1952, petitioner was issued certificate of convenience and necessity No. 6370 to transport petroleum products as a common carrier in the state of Arizona, and it has been engaged in such business since that time under the original authorization and an amended certificate dated April 7, 1954.

2. Reliable Transportation Company, a corporation, Arizona Tank Lines, Inc., a corporation, and Arizona-Pacific Tank Lines (who were the real parties in interest) opposed the granting of such certificate to petitioner, and, when their motion for rehearing before the Commission was denied, they instituted on January 29, 1953, a civil action under section 69–249, A.C.A. 1939 (now section 40–254(A), A.R.S.), in the Superior Court of Maricopa County to set aside such certificate. Petitioner here intervened in said action and the matter was heard de novo.

3. This action lay dormant for three years when the plaintiffs (carriers above named) filed a motion for summary judgment. The motion was granted on April 2, 1956, and judgment was entered against the Commission and the intervenor, vacating and setting side said amended certificate.

4. Intervenor (petitioner here), on April 10, 1956, perfected an appeal from this summary judgment and that matter is now pending before us (our docket No. 6284). However, as we see it, in determining this certiorari matter we are not concerned with the merits of that appeal.

5. While the above appeal was pending in this court, the respondent Commission without giving notice to petitioner entered

an ex parte order vacating and setting aside said certificate.

Upon this record petitioner applied for and was granted a writ of certiorari directed to the Commission—the latter was, inter alia, commanded to desist pendente lite from further proceedings to enforce its order. Petitioner contends that the Commission in entering such order acted wholly without jurisdiction and that the order is therefore null and void. This is the basic question to be determined on this review.

At the outset we are confronted with a motion to dismiss the petition for writ of certiorari. It challenges our jurisdiction to issue certiorari in this matter, the bases for such contention being, that: (1) the petitioner had a plain, speedy and adequate remedy at law by bringing an action in the superior court; (2) in the pending appeal (cause No. 6284, supra) the petitioner may obtain the relief sought herein; (3) the Commission acted wholly within its jurisdiction in canceling the certificate of convenience and necessity in question. This last contention will be considered later in the opinion.

We are of the view as to point (1) that on the record before us petitioner had no plain, speedy, and adequate remedy at law. Admittedly no direct appeal would lie from such order, and it would certainly create an anomalous situation to force petitioner to commence a circuitous new action in the superior court under section 40–254(A), A.R.S., which is not an appeal but a new and independent action, to void the Commission's order if in fact that tribunal acted without jurisdiction. See, Corporation Commission of Arizona v. Peoples Freight Line, Inc., 41 Ariz. 158, 16 P.2d 420. Furthermore, it is completely illogical for respondents to contend that the pending appeal furnishes an avenue for relief, where the Commission's action in canceling the certificate in question, during the pendency of the appeal, might well make a judgment to be entered in this matter an empty shadow. Nor does this review of the narrow jurisdictional question give petitioner what respondents maintain amounts to "two bites at the same cherry".

Therefore, we are of the opinion that under the statute section 12–2001, A.R.S., and our holding in Metropolitan Lines v. Brooks, 70 Ariz. 344, 220 P.2d 480, petitioner properly applied for certiorari as it is the only appropriate remedy to test the exercise of jurisdiction by the Commission in entering the order in question. The motion to quash the writ is, therefore, denied.

This brings us to a consideration of the crucial question, i. e., whether the Commission's order of revocation was void for lack of jurisdiction. The petitioner advances the following reasons why the inferior tribunal lacked jurisdiction, viz.: (a)

the order was made in violation of section 40–252, A.R.S., in that it was entered without notice of any kind, and without affording petitioner an opportunity to be heard; (b) it was in violation of section 40–254 (F), A.R.S., which requires all orders of the Commission remain in effect pending the decision *of the courts,* and use of the plural includes this court; and (c) it was a direct and plain invasion of the appellate and revisory powers of this court as set forth in Article 6, Section 4, Constitution of Arizona.

■ The respondent Commission takes the position that in rescinding petitioner's certificate of convenience and necessity pending the appeal, it was merely doing that which the superior court by its judgment had ordered be done. Its purported justification for ignoring the legal effect of petitioner's appeal is twofold. First, it contends petitioner's right to invoke certiorari was defeated by the Commission not having appealed from the judgment. Obviously this contention is unsound. Rule 73(a), Rules of Civil Procedure 1956, expressly provides that:

"A judgment or order in a civil action or proceeding may be reviewed by appeal as prescribed in these Rules, and not otherwise. The appeal may be taken *by any party aggrieved* by such judgment or order." (Emphasis supplied.)

As the real party in interest petitioner had been permitted to intervene in the superior court proceedings. Where the court set aside its certificate, it seems rather absurd for the Commission to urge that petitioner is not "a party aggrieved * * *" and, hence, cannot now be heard.

■■ Secondly, it is urged that, because petitioner did not obtain a writ of supersedeas or a stay order, the judgment of the superior court was "binding and in force until this Court determines that the said order was improper and vacates said order." Heavy reliance is placed upon our decision in Arizona Corporation Commission v. Mountain States Tel. & Tel. Co., 71 Ariz. 404, 228 P.2d 749 (hereinafter termed the telephone case), in urging this and other propositions. At the outset we point out that in its main features the telephone case, supra, is not analogous to the problem presented in the instant case. There the matter of alleged confiscatory rates was involved. The trial court found the rates theretofore fixed by the Commission were in fact confiscatory. Recognizing its inability to fix proper rates—as this power under the Constitution of Arizona had been exclusively delegated to the Commission—the court as an interim measure, acting under its inherent power and by reason of the exigencies of the situation, permitted the Company to put into force and effect rates proposed by it on condition that it post an adequate bond to protect its subscribers should the

Commission ultimately fix lawful rates in a lesser amount. It is improper to designate the bond given in that matter as a supersedeas bond; hence this decision is no authority for requiring a supersedeas bond in the instant case in order to procure a stay.

We next consider respondent's contention that Rule 73(l), Rules of Civil Procedure 1956, expressly requires or contemplates that a supersedeas bond be given in the instant situation. We have grave doubts as to whether this Rule applies, as to matters involving an administrative agency, but assuming arguendo that it does, we are confronted with section 40–254(F) which specifically governs actions to set aside Commission orders as against the general language of Rule 73(l), supra. We held in an analogous situation, Mercado v. Superior Court, 51 Ariz. 436, 441, 77 P.2d 810, 812, that where " * * * there are two provisions applicable to the same subject, one general in its scope and the other covering a limited portion only of the subject included in the general one, the special statute is to be considered as governing the exception * * *." Applying this principle, section 40–254, supra, governs. Hence we hold that the giving of the notice of appeal operated automatically to grant a stay pending a determination of same.

We have repeatedly held that when, as here, an appeal to this court has been perfected the inferior tribunal "loses all jurisdiction of each and every matter connected with the case, *except in furtherance of the appeal* * * *." (Emphasis supplied.) Navajo Realty Co. v. County Nat. Bk. & T. Co., 31 Ariz. 128, 135, 250 P. 885, 887; Ackel v. Ackel, 57 Ariz. 14, 110 P.2d 238, 133 A.L.R. 549; motion for rehearing denied, 57 Ariz. 118, 111 P.2d 628, 133 A.L.R. 556. We agree with petitioner that, where an appeal had already been perfected from the judgment of the lower court, the Commission's revocation of the certificate it had theretofore issued to Whitfield was a direct and plain invasion of the appellate and revisory powers of this court. The order in question certainly did not aid the appeal; rather, it would tend to nullify it. The jurisdiction of this court when properly invoked must be protected. It cannot be defeated or usurped to the extent that its decision when rendered be nugatory.

We hold that the action of the Commission canceling the certificate in question was entered without jurisdiction and such order, therefore, is declared to be void and of no effect.

LA PRADE, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.