459 P.2d 338

**John W. PATTERSON, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona and J. R. Norton Company and Continental Casualty Company, Respondents.**

**No. I CA–IC 258.**

Court of Appeals of Arizona.
Division 1.
Department A.

Oct. 8, 1969.

Rehearing Denied Nov. 24, 1969.
Review Denied Jan. 6, 1970.

Morgan & Jerome, by D. A. Jerome and Donald J. Morgan, Phoenix, for petitioner.

Stewart & Pickrell, by Robert W. Pickrell, Phoenix, for respondent Continental Casualty Co.

Donald L. Cross, Chief Counsel, Phoenix, Industrial Commission of Arizona.

CAMERON, Judge.

This is a writ of certiorari to review the findings and award of the Industrial Commission of Arizona which denied compensation benefits to the petitioner, John W. Patterson.

We are called upon to determine whether the Findings and Award of the Commission disposed of the material issues involved.

Petitioner was a pilot for the respondent, J. R. Norton Company, at the time of the accident on 7 January 1967. He had been flying for a number of years and had received his last medical examination on 14 October 1966. There was no indication of prior heart difficulties and it would appear that he was temperate in his personal habits though somewhat overweight. On 7 January 1967, while engaged in flying a twin-engined aircraft from Springerville,

Arizona, to Phoenix, Arizona, he suffered what was later diagnosed as a massive myocardial infarction or "heart attack". A passenger who was also a pilot took over and landed at Show Low, Arizona, where the petitioner was placed in the Josephine Goldwater Hospital for seven days after which time he was transferred to St. Joseph's Hospital in Phoenix.

After being transferred to Phoenix, one leg had to be amputated as the result of a blood clot which testimony indicated was a result of his cardiac condition.

Petitioner applied for compensation and after the filing of reports and investigation, the Commission, on 8 November 1967, issued its findings and award for noncompensable claim stating only that:

"(1) The above named applicant claims to have sustained a personal injury by accident arising out of and in the course of his employment on January 7, 1967.

"(2) That there is insufficient evidence to support that applicant's condition is a result of or arising out of his employment, and applicant is, therefore, not entitled to benefits under the Workmen's Compensation Law."

Petitioner then retained the services of counsel and petitioned for hearing. Hearings were held in Show Low, Arizona, and Phoenix, Arizona, at which time the petitioner and others testified as did Drs. P. R. Garver of Show Low and J. Daniel Bullington of Phoenix, a specialist in cardiology. After the hearings, the referee issued his report which recommended that "the Commission enter a Decision Upon Rehearing, Findings and Award for Compensable Claim, awarding accident benefits and compensation as may be indicated." The referee also stated in his report:

"In light of the testimony of Dr. Bullington, cardiologist, it is the opinion of this writer that the petitioner has met his burden of showing a causal relationship between the conditions of his employment and the onset of the myocardial infarction."

Objections to the report were filed and the Industrial Commission on 3 January 1969 made the following findings and award:

"FINDINGS

"1. That the evidence supports the findings heretofore entered and should be made a part thereof.

"2. That the Findings and Award for Non-Compensable Claim heretofore entered on November 8, 1967 should be affirmed.

"AWARD

"IT IS ORDERED that the Findings and Award For Non-Compensable Claim heretofore entered on November 8, 1967, be, and the same is hereby affirmed."

Petitioner brought a writ of certiorari before this Court to review the actions of the Commission.

Our Supreme Court in an opinion filed after the finding and award in this matter has criticized the practice of the Commission in affirming previous findings and awards. Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969). However, we are also critical of the award entered on 3 January 1969 for other reasons. Both the first award of 8 November 1967 and the award of 3 January 1969 fail to adequately dispose of the material issues in the case. A reading of the file in the instant case indicates two real areas of concern. One, whether the myocardial infarction sustained in the air was an injury by accident arising out of and in the scope and course of petitioner's employment in which case petitioner would be entitled to accident benefits. The second material issue, assuming that the myocardial infarction was not work-connected, is whether the conditions of employment were such that subsequent to the injury there was aggravation which was work-connected. If, as the testimony indicates, the cramped space in the airplane; the inability of the petitioner to lie down after the heart attack; and the facilities at the airport at which he landed were such as to

contribute to his injury, this might result in a compensable claim. Carson v. Industrial Commission, 7 Ariz.App. 372, 439 P.2d 535 (1968).

We do not find in the Commission's actions the necessary findings of fact which not only dispose of the material issues before the Commission, but give to the parties and this Court an understanding of what the Commission considered and how and upon what basis they arrived at their decision:

" * * * We are of the opinion that it is not essential under our statute that specific findings of fact be made on every issue which might be involved in a hearing, provided that the findings as made are of such a nature that they necessarily dispose of all the material issues involved." Foster v. Industrial Commission, 46 Ariz. 90, 92, 47 P.2d 428, 429 (1935). See also Sproul v. Industrial Commission, 91 Ariz. 128, 370 P.2d 279 (1962); Cammeron v. Industrial Commission, 98 Ariz. 366, 405 P.2d 802 (1965); Fernandez v. Industrial Commission, 102 Ariz. 50, 424 P.2d 451 (1967).

In the instant case we would have no difficulty in affirming the more detailed report of the referee. We do not feel, however, that the Commission, after three hearings, can discharge its obligation of reviewing the entire file and disposing of the material issues contained therein with a statement that the evidence supports the findings heretofore entered. The Commission having failed to dispose of the material issues in this matter, the award should be and is set aside.

DONOFRIO, P. J., and THOMAS TANG, Judge of Superior Court, concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge THOMAS TANG was called to sit in his stead and participate in the determination of this decision.