526 P.2d 712

**George Walter JONES, Petitioner,**

**v.**

**ARIZONA-COLORADO LAND (Hughes & Ganz), Respondent Employer,**

**Home Insurance Company, Respondent Insurance Carrier,**

**Industrial Commission of Arizona, Respondent.**

**No. 11643.**

Supreme Court of Arizona,
In Banc.

Sept. 25, 1974.

[redacted]

[redacted]

[redacted]

Pain & Julian, by Peter A. Guerrero and Fred J. Pain, Jr., Phoenix, for petitioner.

Dunn, Jones, Teilborg, Sanders, Haga & Parks, by William R. Jones, Jr., Phoenix, for respondent employer and respondent insurance carrier.

Edward F. Cummerford, Industrial Commission, Chief Counsel, by Richard E. Taylor, Phoenix, for respondents.

HOLOHAN, Justice.

The petitioner sought by Special Action to compel the Industrial Commission of Arizona to consider, on its merits, a lump-sum payment agreement filed with the Commission pursuant to A.R.S. § 23–1067(B).

The Industrial Commission has refused to consider the proposed method of payment on the grounds that it has no jurisdiction in the matter.

The factual background is not in dispute, and it appears that the petitioner was granted an award by the Industrial Commission for permanent partial disability compensation benefits pursuant to A.R.S. § 23–1044(C). The carrier filed a Writ of Certiorari in the Court of Appeals, and the case was regularly docketed for consideration by that court.

Subsequently, the petitioner and the insurance carrier entered into a proposed settlement which provided that petitioner receive a lump-sum payment. The parties advised the Court of Appeals that a settlement had been reached but approval of the Industrial Commission was required. A stipulation by all parties to the appeal was submitted to the Court of Appeals by which the parties agreed that the appeal might be suspended and the file returned to the Industrial Commission for consideration of the lump-sum payment. The Court of Appeals approved the stipulation and ordered the appeal suspended and the case returned to the Industrial Commission. The Court of Appeals was of the opinion that the suspension of the appeal reinvested the Industrial Commission with jurisdiction to consider the lump-sum payment proposal.

The question presented is whether the Industrial Commission has jurisdiction to consider a lump-sum payment in a case in which the appeal has been suspended.

The suspension of an appeal for a trial court to consider a matter under Rule 60(c), Rules of Civil Procedure, is not uncommon. Upon suspension of the appeal by the appellate court, the trial court jurisdiction is restored. We find no real distinction between the suspension of an appeal in a civil case and the suspension order in this matter. Upon the suspension of the appeal the jurisdiction of the Industrial Commission is restored, and the Commission is empowered to act.

Counsel for the Commission has urged that the petition be denied because the claimant and the carrier are presenting a compromise settlement which is foreign to the concept of workmen's compensation. Such an issue is not involved in this case. We accepted jurisdiction to answer a question of jurisdiction, and our holding is limited to that issue. We leave the decision of the matter on the merits to the Industrial Commission, but we do require that the Commission consider the matter and make a decision.

The petition is granted, and the Industrial Commission of Arizona is ordered to consider, on its merits, the petition for lump-sum payment presented by petitioner and the carrier.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.