528 P.2d 817

**CONTINENTAL CASUALTY COMPANY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**John W. Patterson, Respondent Employee,**

**J. R. Norton Company, Respondent Employer.**

No. 11582.

Supreme Court of Arizona, In Banc.

Dec. 4, 1974.

Spencer K. Johnston, Phoenix, for petitioner.

Richard E. Taylor, Legal Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Jerome, Gibson & Mignella, P. C., by D. A. Jerome and Donald J. Morgan, Phoenix, for respondent employee.

CAMERON, Vice Chief Justice.

We granted this petition for special action to review the actions of the respondent Industrial Commission of Arizona in refusing to hold a hearing to determine permanent disability benefits because of alleged lack of jurisdiction as the result of a petition for a writ of certiorari filed in the Court of Appeals.

We are asked to answer one question only and that is: Does the Industrial Commission of Arizona have jurisdiction to hold a hearing and make a determination of permanent disability and loss of earning capacity during the time that the appellate courts are considering by way of a writ of certiorari an award of the Commission granting partial permanent benefits which were to be deducted from any future permanent benefits "ultimately * * * due said applicant"?

The facts necessary for a determination of the matter on appeal are as follows. The respondent suffered a massive myocardial infarction while working as a pilot for the J. R. Norton Company. The plane was being flown between Springerville, Arizona, and Phoenix, Arizona, on 7 January 1967, and one of the passengers was able to land the aircraft at Show Low, Arizona, where the claimant was hospitalized and later taken to Phoenix, Arizona, where one of his legs was amputated because of a blood clot.

Claimant applied for compensation and the Commission, on 8 November 1967, issued its findings and award for non-compensable claim. A writ of certiorari was taken to the Court of Appeals which set aside the award of the Commission. Patterson v. Industrial Commission, 10 Ariz. App. 421, 459 P.2d 338 (1969). Petition for review was denied by the Supreme Court on 6 January 1970.

Thereafter the Industrial Commission of Arizona issued its award for compensable claim finding that the claimant sustained a personal injury by accident arising out of and in the course of his employment. Following this the insurance carrier petitioned for a writ of certiorari in the Court of Appeals which, in the case of Continental Casualty v. Industrial Commission, 15 Ariz.App. 565, 489 P.2d 1267 (1971), affirmed the award of the Commission.

After further proceedings the Commission issued its award on 20 June 1972 titled "Findings and Award and Order Pending Determination of Earning Capacity." After finding that the claimant's condition had become stationary on 29 February 1972, the Commission stated:

"IT IS FURTHER ORDERED that said applicant be advanced partial permanent benefits from and after March 1, 1972, until further order of the Commission on the basis of not more than 55% of the difference between the average monthly wage of $300.00 per month, or the actual amount earned if in excess of $300.00, such payments to be deductible from and future additional benefits which may ultimately be due said applicant."

The petitioner Continental Casualty Company questioned the correctness of the Commission awarding permanent benefits before a hearing could be held and determination of permanent benefits could be made. This award was appealed by way of writ of certiorari and the Court of Appeals of the State of Arizona affirmed said award. Continental Casualty v. Industrial Commission et al., 21 Ariz.App. 561, 521 P.2d 1019 (1974). Petition for review was granted by this court and by an opinion, 111 Ariz. 291, 528 P.2d 816, filed this day, we adopted the opinion of the Court of Appeals in 21 Ariz.App. 561, 521 P.2d 1019 as our own.

While the matter of the award granting the claimant "advanced partial permanent benefits" was being considered by the Court of Appeals, the petitioner requested a formal hearing to determine claimant's permanent disability. The reason stated by petitioner was its concern that it was being required to make payment of an amount as and for partial permanent disability on a monthly basis to the claimant until such time as a permanent disability award could be made and that such award might be less than the amount petitioner was then paying.

The Industrial Commission, in refusing to consider this matter, stated the reasons in a letter by the chairman:

"A review of the claims file confirms your statement relative to the Commission's issuance of Findings and Award and Order Pending Determination of Earning Capacity January 2, 1973. The file further reflects that said Award has been appealed, therefore, since the Findings contained within that Award pertain to the termination of medical benefits, find the condition stationary and finds unscheduled disability as a result of the injury, no further official action can be taken until the Court renders its decision

relative to the January 2, 1973 Award in its entirety.

"Sincerely,

/s/ Bruce C. Thoeny

Bruce C. Thoeny
Chairman                          "

Continental Casualty Company petitioned this court for a special action. We took jurisdiction as there was no adequate remedy by way of appeal or by way of a writ of certiorari from the Industrial Commission, § 23–951 A.R.S., and because there was an apparent split between Department A and Department B of the Court of Appeals, Division One, which we felt should be settled at this time.

Arizona disability compensation benefits have been generally paid under a three stage compensation plan in addition to medical and accident benefits. They are:

1. Temporary total benefits which are paid from the moment of injury until the worker is able to resume light work or regular work.

2. Temporary partial benefits which are paid from the time the worker is able to resume work, light or regular, until his physical condition becomes stationary. § 23–1044(A) and (C) A.R.S. The Commission usually recognizes this stage of the claimant's recovery by issuing what is known as a "light work order" requiring the claimant, though still partially disabled, to resume such work as he is able to perform with the Commission continuing some partial compensation to cover the loss of earnings occasioned by the injury. Once the claimant's condition becomes stationary, that is "when the physical condition of the employee resulting from the industrial injury has reached a relatively stable status so that nothing further in the way of medical treatment is indicated to improve [claimant's] condition," Aragon v. Industrial Commission, 14 Ariz.App. 175, 481 P.2d 545 (1971), then the claimant is no longer entitled to receive payment of temporary partial benefits. Minton v. Industrial Commission 90 Ariz. 254, 367 P.2d 274 (1961).

3. Permanent benefits if indicated which are determined at or after the time the claimant's condition becomes stationary. Unless, however, the claimant is afforded an immediate hearing and determination of the extent and nature of his permanent benefits, he may find himself in a position where he will receive no compensation between the determination that his condition is stationary and the determination of the extent of claimant's permanent benefits.

It was to alleviate this situation that the Commission issued the order in this matter which we have approved in the companion case filed this day.

We must determine in this opinion whether the appeal of the award of the 20 June 1972 divested the Commission of jurisdiction to proceed further with petitioner's request for determination of claimant's permanent disability.

Departments A and B of the Court of Appeals, Division One, appear to be at a divergence in this matter. For example, Department A has stated:

"Under Arizona case law a writ of certiorari to review the lawfulness of an award divests The Industrial Commission of jurisdiction to proceed further. (citations omitted) We cannot review the award of The Industrial Commission made pursuant to the petition to reopen, since during the pendency of the writ of certiorari it had no jurisdiction to grant the petition or to receive evidence in support of it." Greer v. Industrial Commission, 20 Ariz.App. 559, 560, 514 P.2d 512, 513 (1973). *See also* Godwin v. Industrial Commission, 10 Ariz.App. 532, 460 P.2d 203 (1969); Motorola v. Industrial Commission, 13 Ariz.App. 395, 477 P.2d 269 (1970).

And:

"The question is whether Terrell's petition of 10 May 1971 divested the Industrial Commission of authority to hear

his petition to reopen. Arizona case law clearly holds that it does. (citations omitted)

"If there is a remedy, the remedy lies with the Legislature. This opinion shall not be construed to prevent the filing of a petition to reopen during the pendency of this Court's consideration of a prior award in relation to the same numbered claim. Such a petition to reopen merely lies dormant and cannot be acted on by the Commission until the matter pending in the Court of Appeals has reached a final determination. (citations omitted)." Terrell v. Industrial Commission, 21 Ariz.App. 139, 140, 517 P.2d 97, 98 (1973).

As indicated in the opinion, these cases of Department A of the Court of Appeals followed prior opinions of this court which appeared to hold that there was lack of jurisdiction for the Commission to act pending action on the writ of certiorari in the Court of Appeals. Beck v. Hartford Insurance Accident and Indemnity Company, 107 Ariz. 476, 489 P.2d 710 (1971).

Department B of Division One of the Court of Appeals, however, on 16 April 1974, in Castillo v. Industrial Commission, 21 Ariz.App. 465, 520 P.2d 1142, filed a decision apparently contrary to Department A. Petition for review in the Supreme Court was not asked for in Castillo v. Industrial Commission, supra, and we therefore did not consider the matter.

In that opinion Presiding Judge Haire discussed the background of this rule and stated:

"The principle is well established that an appeal generally divests the trial court of jurisdiction to proceed except in furtherance of the appeal. (citations omitted) However, this general principle is subject to many equally well established exceptions. Thus, it has been held that in the absence of supersedeas, the trial court in a civil proceeding retains jurisdiction pending the appeal to take such action as might be necessary to enforce

its previously entered judgment. (citations omitted). Further, an

'. . . appeal from an appealable intermediate or interlocutory order does not divest the trial court of jurisdiction to proceed in matters not involved in the appeal.' 4 Am.Jur.2d. Appeal and Error, § 357, p. 835 (1962).

"This same principle is stated in Corpus Juris Secundum as follows:

'An appellate proceeding for the review of incidental or interlocutory matters divests the trial court of jurisdiction only with respect to matters directly involved in, or the subject of, the appellate proceeding.' 4A C.J.S. Appeal and Error § 609, p. 399 (1957).

\*   \*   \*   \*   \*   \*

"A review of the above-mentioned 'exceptions' to the general principle divesting the trial court of jurisdiction in the event of an appeal reveals that in actuality they are not exceptions, but are well-reasoned applications of the rationale which led to the formulation and adoption *by the courts* of the general principle in the first instance. This rationale is succinctly stated in Whitfield Transportation v. Brooks, *supra* [81 Ariz. 136, 302 P.2d 526], as follows:

The jurisdiction of this court when properly invoked must be protected. It cannot be defeated or usurped to the extent that its decision when rendered be nugatory.' 81 Ariz. at 141, 302 P.2d at 529.

"By allowing the trial court to proceed with issues not directly involved in, or the subject matter of the appeal, the jurisdiction of the appellate court is adequately protected, and at the same time the trial court proceedings are not inordinately delayed pending the appellate decision.

\*   \*   \*   \*   \*   \*

"Under our statutory scheme, in the processing of a workmen's compensation claim the Commission is charged with two basic

functions, (1) the general administration of all aspects of a claim, and (2) the adjudication of disputes which may arise between the claimant and the insurance carrier. Rarely should a pending review divest the Commission of juridsiction in the general administration area of its function. In the adjudication area of its function, the loss of jurisdiction should be determined by application of the general principles applicable to all litigation, modified to the extent required by the peculiar nature of the Commission's continuing jurisdiction." Castillo v. Industrial Commission, supra at 1144–1145 and 1150–1151.

After Castillo was filed, this court handed down its opinion in Jones v. Arizona Colorado Land et al., 111 Ariz. 173, 526 P.2d 712, filed September 25, 1974. In that case we held that the Industrial Commission had jurisdiction to consider a lump sum payment in a case in which the appeal has been suspended by the Court of Appeals for that purpose. By this opinion we take a step further and adopt the rationale of the Court of Appeals, Division One, Department B, as set forth in the case of Castillo v. Industrial Commission, supra. We believe that the Industrial Commission does have jurisdiction to consider those matters which are not directly involved in a case pending in the appellate court.

In holding as we do, we are not unmindful that the files of the Industrial Commission are certified to the Court of Appeals when a writ of certiorari is filed and that there may be some difficulty involved in the consideration of a record where original documents may well be with the Court of Appeals rather than with the Industrial Commission. We are sure, however, that these obstacles can be overcome by proper orders of the Court of Appeals releasing copies, or originals if necessary, of such documents when it will not interfere with the review by the Court of Appeals. Also, in those cases where there is a problem as to the scope of the matter on appeal and the scope of the matters being considered by the Commission, proper motions may be granted by the Court of Appeals.

We therefore hold that the Industrial Commission of Arizona had authority and jurisdiction to consider petitioner's motion for hearing and determination of claimant's permanent disability benefits pending determination by the appellate court of the award of 20 June 1972.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.