528 P.2d 816

**CONTINENTAL CASUALTY COMPANY,**
Petitioner,

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**John W. Patterson, Respondent Employee,**

**J. R. Norton Company, Respondent Employer.**

No. 11659–PR.

Supreme Court of Arizona,
In Banc.

Dec. 4, 1974.

Rehearing Denied Jan. 8, 1975.

Spencer K. Johnston, Phoenix, for petitioner.

R. E. Taylor, Legal Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Jerome, Gibson & Mignella, P. C., by D. A. Jerome and Donald J. Morgan, Phoenix, for respondent employee.

CAMERON, Vice Chief Justice.

We granted the petition for review in the above captioned matter pending our determination of a petition for special action we granted in the same matter, but directed to a different question. See Continental Casualty Company v. Industrial Commission, No. 11582, 111 Ariz. 292, 528 P.2d 817, filed this day.

The Court of Appeals in approving a grant of interim benefits pending a formal hearing on loss of earning capacity stated:

"To hold otherwise would mean that once the injured workman's condition has become stationary, the workman could be deprived of the privilege of securing any compensation pending the holding of a loss of earning capacity hearing. Such a hearing might be effectively postponed by seeking a certiorari review of the validity of the award which found the workman's condition to be stationary and which reserved jurisdiction to conduct the loss of earning capacity hearing. In making these comments we recognize that there appears to be a conflict between the cases of Greer v. The Industrial Commission of Arizona, 20 Ariz.App. 559, 514 P.2d 512 (1973) and Terrell v. The Industrial Commission of Arizona, 21 Ariz.App. 139, 517 P.2d 97, written by Department A of this Court and the case of Castillo v. The Industrial Commission of Arizona, 21 Ariz.App. 465, 520 P.2d 1142 (Filed April 16, 1974), written by Department B of this Court." Continental Casualty Company v. Industrial Commission, 21 Ariz.App. 561, 564, 521 P.2d 1019, 1022 (1974).

We hope that we have answered this apparent conflict by our opinion in the companion case of Continental Casualty Com-

pany v. Industrial Commission, No. 11582, 111 Ariz. 292, 528 P.2d 817, filed this day, in which we adopted the view held by Department B of Division One of the Court of Appeals in Castillo v. Industrial Commission, 21 Ariz.App. 465, 520 P.2d 1142 (1974).

Except as to the quotation above cited, the decision of the Court of Appeals, Division One, Department A, as reported in 21 Ariz.App. 561, 521 P.2d 1019, 2 May 1974, is approved and adopted as the opinion of this court.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.