535 P.2d 1070

**AMERICAN SMELTING AND REFINING COMPANY, HAYDEN SMELTER,**
Appellant,

v.

**ARIZONA AIR POLLUTION CONTROL HEARING BOARD; Division of Air Pollution Control of the Arizona State Department of Health and Arthur A. Aymar, Director, Appellees.**

**No. 1 CA–CIV 2615.**

Court of Appeals of Arizona,
Division 1, Department A.

May 29, 1975.

Rehearing Denied Aug. 6, 1975.
Review Granted Oct. 7, 1975.

Evans, Kitchel & Jenckes, P. C. by Harold J. Bliss, Jr., Phoenix, for appellant.

Bruce E. Babbitt, Atty. Gen., by Patrick M. Murphy, Asst. Atty. Gen., Phoenix, for appellees.

## OPINION

FROEB, Judge.

We note at the outset that this case has very little to do with air pollution. What it does have to do with is the legal snarl which arises when an administrative agency and the court compete for jurisdiction. In this case the proceedings of both the Air Pollution Control Board and the court have been intermixed like scrambled eggs. We now have the task of unscrambling the eggs so that the appellant and appellees can get on with matters of more primary importance, namely, the control, under law and proper regulations, of emissions from the Hayden Copper Smelter.

On 27 November 1972, the Director of the Division of Air Pollution Control, Arizona State Department of Health (referred to as "the Director") filed a petition before the Arizona Air Pollution Control Board (referred to as "the Board") to modify the conditional permit previously issued to American Smelting and Refining Company (referred to as "ASARCO").

On 29 December 1972, an order was made by the Board affecting ASARCO's operations at the Hayden Smelter. ASAR-CO appealed the order to the Superior Court. During the course of the appeal in Superior Court, the Board entered an ex parte order vacating its previous determination which was the basis of the judicial review in the Superior Court. Later, the Board held another hearing relating to the same matters and issued another determination. Soon after this, the Superior Court dismissed the appeal on the ground that the issues were moot as a result of the Board's new determination. ASARCO appeals from that dismissal order to this court, contending that while the issues were on review in the Superior Court the Board lost jurisdiction over them and further determinations made by it concerning them were nugatory. Thus, it argues, its appeal to Superior Court was improvidently dismissed.

## CHRONOLOGY OF PROCEEDINGS BEFORE THE BOARD AND SUPERIOR COURT [1]

*18 December 70.* Conditional permit (Order No. 197104) granted by the Board to ASARCO to operate its copper smelter at Hayden, Arizona, at variance with the applicable rules and regulations for air pollution control upon certain conditions. It was renewable annually.

*1 December 71.* A non-renewable temporary conditional permit was issued by the Board (Order No. C–7104).

*7 April 72.* Conditional permit previously granted under Order No. 197104 renewed under Order No. 197207–R.

*12 July 72.* Conditional permit (Order No. 197207–R) renewed until 31 December 72 under Order No. 197212–R.

*27 November 72.* Petition for modification of conditional permit (Order No. 197212–R) filed by Director of the Division of Air Pollution Control, Arizona State Department of Health. This was filed because the State Board of Health amended its regulations establishing a sulfur compound emission standard for copper smelters. At

---

1. For easier reference, all proceedings in the Superior Court are set off in capital letters; proceedings before the Arizona Air Pollution Control Hearing Board are in lower case.

the same time ASARCO petitioned the Board for renewal of its conditional permit No. 197212–R which was to expire by its terms on 31 December 72.

*20 December 72.* Public hearing held by Board.

*29 December 72.* Conditional permits of ASARCO (Order No. 197216–R) renewed until 31 December 73, subject to four stated conditions which are the subject of this lawsuit.[2]

*12 January 73.* Petition to the Board by ASARCO for rehearing of the 29 December 72 Order No. 197216–R.

*2 February 73.* Denial of petition for rehearing by the Board.

*2 March 73.* ASARCO APPEALED TO SUPERIOR COURT OF MARICOPA COUNTY AND FILED ITS COMPLAINT FOR JUDICIAL REVIEW OF ORDER NO. 197216–R AND THE DENIAL BY THE BOARD OF ITS PETITION FOR REHEARING.

*4 April 73.* ANSWER OF THE DIRECTOR AND THE BOARD FILED IN SUPERIOR COURT GENERALLY DENYING ALLEGATIONS OF COMPLAINT.

*10 May 73.* Board acted sua sponte without notice or hearing and vacated part of its Order No. 197216–R which was the subject of the pending appeal in Superior Court. The portions vacated by its order were the findings challenged by ASARCO in its appeal and the conditions imposed upon ASARCO based on those findings. The Board also ordered that a hearing be held 13 July 73 for the purpose of modifying ASARCO's conditional permit. The hearing date was later continued to 20 July 73.

*11 July 73.* THE DIRECTOR AND THE BOARD FILED A MOTION TO DISMISS ASARCO'S COMPLAINT IN SUPERIOR COURT ON THE GROUND THAT THE ORDER APPEALED FROM HAD BEEN VACATED AND THE ISSUES HAD BECOME MOOT.

*20 July 73.* The Board held a new hearing to consider whether to modify ASARCO's conditional permit. The hearing was based upon the petition of the Department of Health ·dated 27 November 72, the same petition upon which the 20 December 72 hearing was based. ASARCO protested that the Board was without jurisdiction to proceed (1) because Order No. 197216–R had become final upon the Board's denial of ASARCO's petition for rehearing and

---

2. The relevant portion of the order is as follows:

"THE BOARD FINDS after evidence having been submitted, both written and oral, and the parties concerned having rested, and the Board having taken the matter under advisement that additional time is needed for compliance with the State Rules and Regulations for Air Pollution Control and that by its testimony Petitioner assures that this air pollution source does not unduly endanger human health or safety either directly or indirectly.

"IT IS FURTHER FOUND that the projected concentration in the affected area expressed as an annual average is 210 micrograms per cubic meter.

"IT IS FURTHER FOUND that the roaster-reverberatory process is a successive one and the discharge of particulate matter permitted shall be limited by the process weight entering the roasters.

"IT IS FURTHER FOUND that an emergency exists which justifies an effective date earlier than that provided by statute.

"IT IS THEREFORE ORDERED that Petitioner's conditional permit is renewed for its copper smelting facility at Hayden, Arizona, pursuant to A.R.S. § 36–1712 et seq., to vary from applicable Rules and Regulations for Air Pollution Control until the 31st day of December, 1973, subject to the following terms and conditions:

"(1) By the expiration date of this permit the Petitioner shall control 61.90 percent of their sulfur emissions by positive means.

"(2) By the expiration date of this permit the Petitioner shall limit the discharge of particulate matter from the roaster-reverberatory process to 52.6 pounds per hour.

"(3) The Petitioner shall submit to the Division progress reports on compliance with the above limitations on or before March 31, 1973, June 30, 1973, September 30, 1973 and December 1, 1973.

"(4) The Petitioner shall remit to the Division a fee for this permit, as may be prescribed by the Director of the Division.

"DATED this 29th day of December, 1972, at Phoenix, Arizona.
THE ARIZONA STATE AIR POLLUTION CONTROL HEARING BOARD
/s/ By Louis R. Jurwitz, Chairman"

(2) because that order was then before the Superior Court for judicial review.

*27 July 73.* HEARING HELD IN SUPERIOR COURT ON THE MOTION OF THE DIRECTOR AND THE BOARD TO DISMISS THE APPEAL FILED 11 JULY 73. NO DECISION RENDERED.

*3 August 73.* Board issued its Order No. 197216–M modifying ASARCO's conditional permit.

*7 September 73.* FURTHER HEARING IN SUPERIOR COURT ON THE MOTION OF THE DIRECTOR AND THE BOARD TO DISMISS, AT WHICH TIME, OVER OBJECTION, THE COURT REQUESTED AND SUBSEQUENTLY RECEIVED IN EVIDENCE A TRANSCRIPT OF THE BOARD HEARING OF 20 JULY 73, TOGETHER WITH A COPY OF THE MINUTES OF THE BOARD FOR THE 10 MAY 73 MEETING AT WHICH A PORTION OF THE ORDER OF 29 DECEMBER 72 WAS VACATED.

*4 October 73.* FURTHER HEARING HELD IN SUPERIOR COURT ON MOTION TO DISMISS.

*20 November 73.* DECISION AND JUDGMENT OF SUPERIOR COURT DISMISSING CASE ON GROUND THAT THE MATTER HAD BECOME MOOT BY REASON OF THE BOARD HAVING HELD A NEW HEARING ON 20 JULY 73 AND ISSUED A NEW DECISION ON 3 AUGUST 73.

*26 November 73.* NOTICE OF APPEAL FROM 20 NOVEMBER 73 JUDGMENT FILED IN THIS CASE BY ASARCO.

### THE ARGUMENTS

ASARCO urges us to reverse the judgment of the trial court and to remand the case so that the trial court can adjudicate the merits of the Board's order of 29 December 72, namely, the findings and conditions imposed by the Board pertaining to sulfur emissions. (See Footnote 2.) Its argument is premised on the principle that once an appeal is taken to Superior Court from a final order of an administrative tribunal, the latter loses jurisdiction with respect to all matters decided by it under the order from which the appeal is taken. It assigns this argument to both the 10 May 73 and 3 August 73 orders of the Board which were entered during the course of the appeal to Superior Court.

In support of the order of the Superior Court dismissing the appeal, the Director responds that the Board has continuing jurisdiction to modify conditional permits. He argues that because it did, the hearing of 20 July 73 was within the jurisdiction of the Board and its order of 3 August 73 modifying the conditional permit rendered moot the issues pertaining to both the 10 May 73 order and the entire Superior Court appeal. For this proposition the Director cites little relevant authority, but contends that the power to so act is inherent in the Board by virtue of statutes relating to air pollution control found at A.R.S. §§ 36–770 et seq. and 36–1700 et seq. In particular, he argues that the authority can be found in the Board's power to modify conditional permits set forth in A.R.S. § 36–1713(F) which provides:

> "F. The hearing board may revoke or modify an order of abatement, a permit or a conditional permit only after first holding a hearing within thirty days from the giving of notice of such hearing as provided in § 36–1714."

An additional contention made by the Director is that the consideration by the Superior Court of the 20 July 73 hearing and the 3 August 73 order was tantamount to a "remand for reconsideration and vested the Board with jurisdiction to act."

### AFFECT OF APPEAL ON JURISDICTION OF BOARD

It is the well-settled rule that an inferior tribunal is without jurisdiction to take further action respecting a judgment or order when an appeal has been taken. Burkhardt v. Burkhardt, 109 Ariz. 419, 510 P.2d 735 (1973); Rodriguez v. Williams, 104 Ariz. 280, 451 P.2d 609 (1969); Allison v. Ovens, 102 Ariz. 520, 433 P.2d 968 (1967), cert. denied, 390 U.S. 988, 88 S.Ct. 1184, 19 L.Ed.2d 1292 (1968); Whitfield

Transportation, Inc. v. Brooks, 81 Ariz. 136, 302 P.2d 526 (1956); Hunt v. Superior Court In and For County of Maricopa, 21 Ariz.App. 96, 515 P.2d 1194 (1973); City of Flagstaff v. Babbitt, 8 Ariz.App. 123, 443 P.2d 938 (1968).

The rule is well stated in Whitfield Transportation, Inc. v. Brooks, supra, which involved an order entered by the Corporation Commission after an appeal had been taken to the Supreme Court. Whitfield had been granted a certificate by the Commission to transport petroleum products, and certain other certificated carriers, who had opposed Whitfield's application before the Commission, appealed to the Superior Court where they obtained a summary judgment in their favor. Whitfield intervened in the Superior Court action and appealed to the Supreme Court from the summary judgment. While the Supreme Court appeal was pending, the Commission, without notice, entered an order vacating and setting aside Whitfield's certificate. Whitfield then instituted a certiorari proceeding in the Supreme Court challenging that order. In striking down the Commission's order made during the pendency of the appeal, the Supreme Court said:

"We have repeatedly held that when, as here, an appeal to this court has been perfected the inferior tribunal 'loses all jurisdiction of each and every matter connected with the case, except in furtherance of the appeal * * *' (citations omitted). We agree with petitioner that, where an appeal had already been perfected from the judgment of the lower court, the Commission's revocation of the certificate it had theretofore issued to Whitfield was a direct and plain invasion of the appellate and revisory powers of this court. The order in question certainly did not aid the appeal; rather, it would tend to nullify it. The jurisdiction of this court when properly invoked must be protected. It cannot be defeated or usurped to the extent that its decision when rendered be nugatory.

"We hold that the action of the Commission canceling the certificate in question was entered without jurisdiction and such order, therefore, is declared to be void and of no effect." 81 Ariz. 136, 141, 302 P.2d 526, 529.

Thus, just as the Supreme Court had jurisdiction in all appellate proceedings in *Whitfield* by virtue of Ariz.Const. art. 6, § 4 (1956), A.R.S., the Superior Court in the present case had jurisdiction of ASARCO's appeal from the Board pursuant to Ariz.Const. art. 6, § 4 (1956), and A.R.S. §§ 36–1713.01 [3] and 12–901 [4] et seq.

---

3. § 36–1713.01. Judicial review; grounds; procedures

A. Judicial review of hearing board decisions shall be pursuant to the provisions of title 12, chapter 7, article 6, [A.R.S. § 12–901 et seq.] except as provided in this section.

B. Within thirty days after service of notice of a final decision or order of the board, or an order denying a rehearing timely applied for, any person who was a party of record in the proceedings before the board, including the director or department, may appeal therefrom to the superior court of Maricopa county and the scope of such review shall be determined pursuant to § 12–910.

C. A notice of appeal, designating the grounds therefore, and a demand in writing for a certified transcript of the testimony and exhibits shall be filed with the court and served on the board. After receipt of the demand, accompanied by payment of a fee of the current prevailing rate for transcript, and one dollar for certification thereof, the board shall make and certify the transcript and file it with the clerk of the court to which the appeal has been taken within thirty days, unless extended by agreement of the parties or order of the court.

D. When an appeal is taken from an order or decision of the board, such order or decision shall remain in effect pending final determination of the matter, unless stayed by the court, on a hearing after notice to the board and upon a finding by the court that there is probable cause for appeal and that great or irreparable damage may result to the petitioner warranting such stay.

E. An appeal may be taken to the court of appeals from the order of the superior court as in other civil cases. Proceedings under this section shall be given precedence and brought to trial ahead of other litigation concerning private interests and other matters that do not affect public health and welfare.

4. The citation is to the Administrative Review Act which applies to and governs every action

We are unable to find any provision in the State Air Pollution Control Act (A.R.S. § 36–1700 et seq.) which would enlarge the jurisdiction of the Board in such a way as to make it an exception to this well-established rule. While the Director points to the power to modify orders in A.R.S. § 36–1713(F) as inferring a continuing jurisdiction over issues which are in the process of being reviewed on appeal, we are unable to agree. A continuing power to modify these orders would defeat the orderly process of judicial review provided by law and would lead to an impossible scrambling of eggs, as it has here. We perceive that this was taken into account by the Legislature when it provided, in the same statute, that court review of the proceedings would be heard on an accelerated basis. See A.R.S. § 36–1713.01(E) set forth in footnote 3.

This is not to say that the Board lacks power to act on matters not yet decided while an appeal on other issues is in progress. Surely the means are available, even during an appeal, by which the Director can take action against contaminants of the air so as to protect persons and property from their effects, provided, however, that what he seeks to do does not involve the very question on appeal to a reviewing court.

Therefore, we hold that the Board was without jurisdiction to enter the order of 10 May 73. We do not, however, apply the same holding to the 3 August 73 order for reasons discussed hereafter.

### THE JUDGMENT OF THE SUPERIOR COURT

To resolve the error in this case, we must go back to 11 July 73. On that date the Director filed his motion to dismiss ASARCO's complaint on the ground that "the issues have become moot." Attached to the motion was a copy of the order of the Board dated 10 May 73 vacating in part Order No. 197216–R. ASARCO responded contending that this order was invalid on a number of grounds. The grounds raised were substantial and might well have defeated the Board's order of 10 May 73 on a direct judicial review. But this case is not a direct judicial review of that order. The importance of the 10 May 73 order to this case is that it represented a full acquiesence by the Director and the Board to the relief sought by ASARCO in the appeal to Superior Court. It was in the nature of a confession of judgment by the adverse party. A full judicial review of the Board's order dated 29 December 72 would have resulted in nothing more by way of relief than that which the Director and the Board conceded when they filed their motion to dismiss. Thus, the issue is not whether the Board lost all jurisdiction concerning its order of 29 December 72 or whether the Board could unilaterally deprive the reviewing court of jurisdiction. It is solely a question of whether the Superior Court proceedings were, in effect, concluded by consent of the Director and the Board to all the relief which could be obtained in that proceeding. Where there are no issues to try, the judgment of the court should be rendered forthwith. So reads the language of Rule 56(c), Rules of Civil Procedure, 16 A.R.S.[5]

With the case in this posture, the motion to dismiss for mootness was procedurally deficient as a means to terminate the appeal. Since matters outside the pleadings, namely the order of the Board dated 10 May 73, were presented to and not excluded by the court, it should have been treated as a motion for summary judgment and disposed of as provided in Rule 56. See Rule 12(b), Rules of Civil

---

to review judicially a final decision of an administrative agency, with certain exceptions.

5. Rule 56(c) reads, in part:
   " . . . The judgment sought shall be rendered forthwith if the pleadings, deposi-

tions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . . "

Procedure. When a motion for summary judgment is filed, the court may enter judgment against the moving party and in favor of the opposing party even though the opposing party has not filed such a motion. Trimmer v. Ludtke, 105 Ariz. 260, 462 P.2d 809 (1969). Judgment should have been entered in favor of ASARCO on its complaint and the appeal dismissed accordingly.

■ The hearing in Superior Court on the motion to dismiss was not heard until 27 July 73, some seven days after the Board had conducted its hearing of 20 July 73 to consider modification of the conditional permit. At the Superior Court hearing on 27 July 73, the court requested a transcript of the 20 July 73 hearing before the Board and considered it, along with the decision of the Board dated 3 August 73. We hold that it was error for the court, on the state of the pleadings before it, to have considered the 20 July 73 proceedings before the Board in arriving at its ruling since the Superior Court appeal dealt only with the order of the Board dated 29 December 72 and not the order of 3 August 73.

In view of this, we reverse the judgment of the Superior Court dismissing the complaint.

Since the errors discussed have resulted in delay and confusion, we have determined to exercise the powers set forth in A.R.S. § 12-2103 by remanding the case to Superior Court with directions to render judgment in favor of ASARCO upon its complaint. In addition, we direct, in accordance with Rule 58(a), Rules of Civil Procedure [6] that the judgment be entered *nunc pro tunc* as of 11 July 73, so as to remove the objection raised by ASARCO in the Board hearing of 20 July 73 that the Board lacked jurisdiction to hold that hearing because the matter was then on appeal to the Superior Court. We draw special attention to the fact, however, that we are expressing no view as to any other aspect of the proceedings held by the Board on 20 July 73, or the order entered on 3 August 73, as they are not at issue here.

Reversed and remanded with directions to enter judgment in accordance with the views expressed in this opinion.

OGG, P. J., and WREN, J., concur.

6. Rule 58(a) reads as follows:

"58(a) Entry. All judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so. The filing with the clerk of the judgment constitutes entry of such judgment, and the judgment is not effective before such entry, except that in such circumstances and on *such notice as justice may require, the court may direct the entry of a judgment nunc pro tunc, and the reasons for such direction shall be entered of record.* The entry of the judgment shall not be delayed for taxing costs." (Emphasis added.)